[No. 2,177.]

## ELIJAH T. FARMER v. CORNELIUS GROSE AND BERNARDO MUNOS.

<div style="float:right">42 169<br>f123 403</div>

DEED WITH DEFEASANCE BACK—MORTGAGE.—When a deed absolute on its face is given of a tract of land, and at the same time the grantee makes to the grantor a defeasance, agreeing to sell the grantor the land, if he pays a sum fixed by a certain time, the test by which to determine whether the transaction is a mortgage or a defeasible sale is the fact whether or not, notwithstanding the conveyance, there is a subsisting, continuing debt from the grantor to the grantee.

IDEM.—If the consideration for the conveyance was an antecedent debt, and the property is to be reconveyed on the payment of the debt, and nothing more appears, prima facie the transaction constitutes a mortgage.

IDEM.—In like manner, if there is no antecedent debt, but a loan of money to be repaid, with interest, it is a mortgage.

PAROL EVIDENCE TO SHOW DEED A MORTGAGE.—Where there is a deed absolute on its face, and a defeasance back, parol evidence is admissible to show whether the transaction constitutes a mortgage.

APPEAL from the District Court of the Seventh Judicial District, Sonoma County.

CAL. REPS. XLII—22

Ejectment. The defendants were indebted to one Manion, on a note secured by mortgage on the demanded premises, and obtained from Farmer the money to pay the note. Farmer relied on his paper title. The defendants appealed.

The other facts are stated in the opinion.

*Alexander, Armstrong & Hinkson,* for Appellants.

Courts of equity regard the substance and not the form of the transaction, and though disguised under the forms of that language which describes a sale, yet, if in fact the reality was a mortgage, they drag it from under its disguise and act upon it as a security for a loan.

Every conceivable phase of this case is considered and determined in our favor by the Supreme Court of the United States, in the case of *Russell* v. *Southard,* 12 How. Rep. 145, and upon this case alone we might rest, but we cite the following cases in support of it: *Brown* v. *Dewey,* 1 Sandf. Ch. R. 60; *Skinner* v. *Miller,* 5 Littell, 84; *Pierce* v. *Robinson,* 13 Cal. 125; *Flagg* v. *Mann,* 2 Sumner, 486; *Edington* v. *Hooper,* 3 J. J. Marsh. 353; *Jarvis* v. *Woodruff,* 22 Conn. 548; *Bacon* v. *Brown,* 19 Conn. 29; *Page* v. *Foster,* 7 N. H. 392; *Marshall* v. *Stewart,* 17 Ohio, 359; *Dow* v. *Chamberlain,* 5 McLean, 281; *Van Buren* v. *Olmstead,* 5 Paige Ch. R. 9; *Miller* v. *Thomas,* 14 Ill. 428; *Beasly* v. *Phelps,* 2 Woodbury & Minot, 427.)

*A. Thomas,* for Respondent.

The deed from Barry and wife to respondent, and the bond from respondent to Barry to reconvey upon paying five thousand dollars and interest, constitute a conditional sale. (4 Kent, 147, note *a*; 1 Washburne on Real Estate, 492; Hilliard on Mortgages, 401, Sec. 42 and note 1; *West* v. *Hendrix,* 28 Ala. 226; 19 Wend. 518; *Holmes* v. *Grant,* 8 Paige, 243; 4 Abbott's N. Y. Digt. 46; *People* v. *Irwin,*

14 Cal. 429; *Ford* v. *Irwin*, 18 Cal. 117; *Hickox* v. *Low*, 10 Cal. 197; 3 Edwards, 138.)

By the Court, CROCKETT, J.:

On the 29th of March, 1867, Barry and wife, by their absolute deed of that date, reciting a consideration of five thousand dollars, conveyed to the plaintiff the land in controversy. On the same day the plaintiff executed and delivered to Barry a writing in the nature of a defeasance, which recites that on that day Barry and wife had sold the land to the plaintiff for the sum of five thousand dollars, which was paid to them, and then provides that if Barry shall pay to the plaintiff the said sum of five thousand dollars, on the first day of the ensuing October, with interest at the rate of one and one quarter per cent per month, and also any taxes that may have been assessed on the land for the year 1867, if the same shall have been paid by the plaintiff or assessed to him, and for which he may be personally liable, "and also the necessary costs and expenses that may accrue by reason of any suit or suits that may be necessary to recover possession of the land," then that the plaintiff would reconvey the land to Barry, by good and sufficient quitclaim deed; but in case Barry should fail to pay said sums at the stipulated time, "then the above obligation to be void, and neither party held or bound by the terms of the same." It was further provided that Barry was to retain the possession of the land until the said first day of October, and was to be entitled to the growing crop, and that, if the crop should not be harvested or removed from the land by the said first day of October, it might be removed by Barry within a reasonable time thereafter. The deed and defeasance were both duly acknowledged and recorded on the same day, and the principal question in the case is, whether the two instruments taken together consti-

tuted a mortgage, or a sale with a covenant for a reconveyance on conditions to be performed by Barry. The District Court held it to be the latter, after hearing much oral proof relating to the entire transaction between the parties. In cases of this class the well-established test by which to determine whether the transaction is a mortgage or a defeasible sale is the fact whether or not, notwithstanding the conveyance, there is a subsisting, continuing *debt* from the grantor to the grantee. If the consideration for the conveyance was an antecedent debt, and the property is to be reconveyed on the payment of the debt, with interest, and nothing more appears, prima facie the transaction would be a mortgage. In like manner, if there was no antecedent debt, but a loan of money, to be repaid with interest, and such was the real intention and understanding of the parties, it would be a mortgage, and not a defeasible sale, whatever may be the terms employed in the contract. It may be doubtful whether it would not have been the wiser rule to adhere to the written contract as the best and safest exponent of what the parties meant. But it is now so well established, by a long series of decisions, that parol evidence is admissible to explain the transaction and show its real character, that we would not be justified in overturning a rule so long acquiesced in and so firmly established.

If we consult the face of the deed and defeasance put in evidence in this case, without resorting to the parol evidence, we should hold the transaction to be a defeasible sale, and not a mortgage. The deed is not only absolute on its face, but the defeasance recites that "the said E. T. Farmer has this day *bought* of said John Barry and Nancy L. Barry, his wife, certain land," etc., "for which the said E. T. Farmer has paid to the said John Barry the sum of five thousand dollars, in gold coin of the United States." It further provides that Barry is to retain the possession until the time stipulated for repayment of the money, and

is to have the growing crop, with the liberty of removing it after the expiration of the time; and in case the money was not promptly paid, the obligation to reconvey was to be void, " and neither party held or bound by the terms of the same." It was evidently intended that on a failure to pay the money on the first of October Barry was to surrender the possession, and Farmer was thenceforth to be under no obligation to reconvey. Nor do the written instruments contain any promise or agreement on the part of Barry to pay in any contingency. It was at his option whether he paid or not. It is plain that on the face of the instruments there was no obligation on Barry to pay anything. The only fact appearing on the face of the papers which could possibly raise a presumption.of a loan is, that the sum to be paid by Barry, in case he desired a reconveyance, was the precise amount expressed as the consideration in the deed, *with interest.* That this is a circumstance tending to raise a presumption of a loan is true, but, of itself, it is insufficient to overcome the contrary presumption arising from other portions of the instrument.

Parol evidence was introduced by each party to explain the transaction, and there is a substantial conflict in the testimony in respect to the acts and intentions of the parties. Barry testifies that he distinctly understood the transaction to be a loan of money, and a conveyance by way of security; whilst the plaintiff testifies, fully and explicitly, that it was not a loan of money, but a purchase, with an agreement to reconvey on condition. It is not our province to weigh these conflicting statements; and the Court below, which heard the witnesses, having decided in favor of the plaintiff, we would not be justified in setting aside its judgment on the ground that it was against the weight of the evidence, even though we might be inclined to the opinion that the preponderance of proof was on the other side.

---

---

But, on the contrary, we think the finding and judgment are fully justified by the evidence.

Judgment affirmed.

Mr. Justice TEMPLE, being disqualified, did not sit in this case.

[The above case was decided at the July Term, 1870, but for some cause not reported. It is cited in *Page* v. *Vilhac*, page eighty-three of this volume; and *Page* v. *Vilhac* was printed before this case was placed in the printer's hands. REPORTER.]