[Sac. No. 476. In Bank.—April 27, 1900.]

JOHN GARWOOD, Respondent, v. W. GEORGE WHEATON et al., Appellants.

CONVEYANCE IN SATISFACTION OF MORTGAGE—DEED NOT A MORTGAGE—LIMITED OPTION TO GRANTEE OF MORTGAGOR TO REPURCHASE—INDEPENDENT TRANSACTION.—Where a mortgagor transferred the mortgaged premises to his daughter as a gift, and subsequently, in consideration of the surrender, extinguishment, and satisfaction of the note and mortgage, the father and daughter made a deed absolute to the former mortgagee, without any agreement that it was to secure any debt, such absolute deed is not a mortgage; and an option given to the daughter to repurchase the granted premises within a limited period, upon payment of a sum equal to the principal and interest of the original mortgage debt, with the taxes for the year, and the expenses of deed, abstract, and record, the option to cease if not exercised within the time limited, is a new and independent trans-

action as to her, who was never indebted to the grantee of the deed absolute. [Temple, J., dissenting.]

ID.—QUIETING TITLE — EVIDENCE — WRITTEN MEMORANDUM· OF ITEMS — PAROL PROOF.—In an action to quiet the title of the grantee of the deed absolute against the father and daughter, where the defendants offered in evidence a written memorandum showing the different items which made up the amount of the price to be paid by the daughter, including taxes for the year, under the option to repurchase, a question asking for parol proof as to who was to pay the taxes for the year was properly disallowed.

ID.—INADMISSIBLE QUESTION BEGGING POINT IN ISSUE—WILLINGNESS OF GRANTOR TO CONVEY ABSOLUTELY.—A question asked of the daughter whether she was willing, and considered that she was deeding the property absolutely to the grantee named therein, is inadmissible, as begging the point in issue to be determined by · the court from the evidence of the witnesses who had testified as to all that occurred prior to and at the time of the conveyance, and the reasons for executing the same.

ID.—MARKET VALUE—IMPROPER QUESTIONS.—Questions as to the market value of the property not addressed to its value at the time of the conveyance, but as of the date of the trial, asked of a witness who testified that he did not know the market value of land in the vicinity of the land in question, are properly disallowed as not proper evidence.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Edward I. Jones, Judge.

The facts are stated in the opinion of the court.

McClure & Houk, and Carpenter & Flack, for Appellants.

It is admissible to show that the intent of a grantor was not to make an absolute deed of the property. (*Montgomery v. Spect,* 55 Cal. 353; *Booth v. Hoskins,* 75 Cal. 275; *Farmer v. Grose,* 42 Cal. 173; *Davis v. Brewster,* 59 Tex. 93; 1 Jones on Mortgages, sec. 324.) Inequality between the value of the property and the price paid is material evidence. (*Montgomery v. Sayre,* 100 Cal. 182; 38 Am. St. Rep. 270; *Husheon v. Husheon,* 71 Cal. 407; 1 Jones on Mortgages, sec. 329.) The agreement to reconvey on payment of the debt and interest indicates a mortgage. (*Lee v. Evans,* 8 Cal. 424; *Hickox v. Lowe,* 10 Cal. 197; *Lodge v. Turman,* 24 Cal. 385.) The burden of proof was on the plaintiff to show that the mortgagor's right was given up

deliberately and for an adequate consideration. (*Bradbury v. Davenport*, 114 Cal. 594; 55 Am. St. Rep. 92.) When it is doubtful whether the transaction is a mortgage or a conditional sale, it will be treated as a mortgage. (1 Jones on Mortgages, sec. 279, and cases cited; *Hickox v. Lowe, supra.*)

Nicol & Orr, for Respondent.

The findings are sustained by the evidence; and the facts proved show that there was a fair and complete extinguishment of the mortgage debt in consideration of the deed. (*Page v. Vilhac*, 42 Cal. 83; *Farmer v. Grose*, 42 Cal. 169; *Watson v. Edwards*, 105 Cal. 75.)   There is no error in the record.

VAN DYKE, J.—Action to quiet title, and complaint in the usual form.   Defendant W. George Wheaton, answering, denies plaintiff's title, and alleges that the deed on which the plaintiff relies, made by himself and daughter, defendant Ada Julia Wheaton, although absolute in form, was executed to the plaintiff by way of mortgage to secure an indebtedness; and, further, said defendant alleges that at the time of making said deed to the plaintiff he had no interest or estate whatever in the premises, as he had prior to that date, to wit, on June 29, 1896, transferred by grant absolute said property to his said daughter. Defendant Ada Julia Wheaton, in her answer, also denies title in the plaintiff, and sets up title in herself to said premises acquired by said conveyance from her father.   She also alleges that the deed made by herself and father to the plaintiff was executed by way of mortgage to secure an indebtedness due from her father to the plaintiff.

The court finds on the issues presented by the pleadings that on the nineteenth day of August, 1893, the defendant W. George Wheaton, to secure the indebtedness of four thousand dollars, evidenced by promissory note of that date, and payable one year from date, executed and delivered a mortgage on the premises in question; that thereafter, on the twenty-ninth day of June, 1896, defendant W. George Wheaton, by a grant absolute, conveyed all of said premises to his daughter, Ada Julia Wheaton; that said Ada Julia Wheaton paid no consideration for said conveyance, and the same was made to her as a gift by

her father; that on the tenth day of August, 1896, in consideration of the satisfaction of said indebtedness and the satisfaction of said mortgage, defendants W. George Wheaton and Ada Julia Wheaton agreed to, and they did make, execute, and deliver to plaintiff a deed absolute of grant, bargain, and sale of all of said described premises; that on the execution and delivery of said deed plaintiff surrendered to defendants Wheaton said note, and on the same day duly satisfied of record said mortgage; that on the said tenth day of August, 1896, at the time of the execution and delivery to him of said deed, plaintiff made and delivered to defendant Ada Julia Wheaton a written offer to sell said premises for the sum of four thousand eight hundred and fifty-three dollars, payable on acceptance of the offer, and if she desired to purchase said property upon said conditions he would keep the offer open until February 5, 1897, but no longer, and if not before said time, or then, accepted, the offer to be considered as withdrawn, and as never having been made; that the said sum of four thousand eight hundred and fifty-three dollars mentioned in the foregoing offer was the sum of principal and interest of the note and mortgage in question, with the taxes for 1896, and expenses of deed, abstract of title, and recording. The court further finds that said deed made and delivered to plaintiff by defendants Wheaton was not made or delivered to plaintiff, nor received by plaintiff, as or for a mortgage, or as security for any indebtedness whatever.

One Edward Gooch, a tenant of defendants Wheaton at the time of bringing the action, was made a defendant, but he neither moved for a new trial nor has he taken an appeal.

The other defendants appeal from the judgment in favor of plaintiff, and from an order denying their motion for a new trial.

In addition to the contention of said appellants that the findings are not supported by the evidence, they claim the court erred in its rulings upon certain objections made during the trial. The first is a ruling sustaining plaintiff's objection to the question asked defendant Wheaton: "I will ask you who was to pay the taxes on these premises for the year 1896." The defendants themselves offered in evidence, without objection, a written memorandum showing the different items, in-

·cluding the taxes for the then current year, making up the sum for which the agreement or option was given. The objection to the question to show by parol what their written memorandum ·contained was properly sustained.

It is further complained that the court erred in sustaining the objection to the following question asked defendant Ada Julia Wheaton: "Now, were you willing, and did you consider you were deeding this property absolutely to Mr. Garwood?" This question begs the very point in issue. The witnesses had testified fully as to all that occurred prior to and at the time of the transaction and the reasons for executing the deed in question. From this evidence the court was to determine the effect of the conveyance, whether the witness had, in her own mind, been willing or unwilling to execute a conveyance. It is also claimed the court erred in sustaining plaintiff's objection to the question: "Do you know the market value of property in that vicinity?" and "I will ask you what you received for that land, and what would be a reasonable and fair market price for the land in controversy." The questions were not directed to the ascertainment of the market value of the property at the time of the conveyance, and, if the value of the land had been an element of consideration to be inquired into, it must have been at the time of the transaction, and not at a time long ·subsequent thereto. Besides, the witness to whom the question was addressed testified that he did not know the market value ·of land in the vicinity of the land in question.

Without reviewing the testimony in detail, it is sufficient to· say that the findings are fully supported by the evidence. There is nothing in the record at all showing any understanding or agreement of the parties that the deed should be given ·or accepted as a mortgage. There is no element of fraud or oppression in the whole transaction between the parties. The case is a much stronger one than *Farmer v. Grose*, 42 Cal. 169, where it was held that the conveyance was absolute. In the opinion the court laid down this rule: "In cases of this class the well-established test by which to determine whether the transaction is a mortgage or a defeasible sale is the fact whether or not, notwithstanding the conveyance, there is a subsisting, con-

tinuing debt from the grantor to the grantee." *Page v. Vilhac,* 42 Cal. 75, follows *Farmer v. Grose, supra,* and holds that a conveyance in that case was absolute and not a mortgage. There Vilhac gave Page a contract agreeing to sell back the whole or any part of the property upon payment of a specified sum, or proportional part thereof on or before November 1, 1865, at which time the agreement was to "cease to be in force and become entirely null and void." In *Watson v. Edwards,* 105 Cal. 70, it was contended that to make such a conveyance from the mortgagor to the mortgagee absolute, the yielding up of the note and the discharge of the debt, without a new consideration from the mortgagee to the mortgagor, was insufficient; to which this court says: "This contention cannot, in our opinion, be successfully maintained. A mortgagor may sell and convey all his right and interest in the mortgaged premises to the mortgagee where the transaction is fair, honest, and without fraud, and where no unconscionable advantage has been taken of his position by the mortgagee. It would be surprising if two men in their senses and with their eyes open could not make such a contract. The doctrine 'once a mortgage always a mortgage' does not refer to future contracts."

Here, as found, and as the testimony abundantly shows, the note was surrendered, the mortgage canceled, and the debt extinguished. The owner of the fee, Ada Julia Wheaton, never was indebted to the plaintiff, and the plaintiff had no recourse whatever as against either of the appellants upon the former indebtedness. As to her to whom the agreement to reconvey was made, it was a new and independent transaction entirely.

The judgment and order denying a new trial are affirmed.

Garoutte, J., McFarland, J., Harrison, J., and Henshaw, J., concurred.

TEMPLE, J., dissenting.—I dissent. The evidence, in my opinion, shows conclusively that the deed under which plaintiff claims is a mortgage given to secure payment of a debt.

The plaintiff testified that Wheaton had failed to pay interest due, and that he then told him that a foreclosure would be necessary; that Wheaton objected that a foreclosure would entail expense, and he was sure he could get the money. He wanted

time, and asked him if he, Wheaton, would deed the property, to plaintiff he could have the privilege of buying it back in six months, and the witness proceeded: "Subsequently, I told him, if he wished to save the expense of foreclosure, the only way in which it could be done was to deed the property to me absolutely, and for me to cancel the mortgage, and then I will give you an option to buy it back again within any time you want. He replied that he could not do anything else."

Thereupon defendants made the deed to plaintiff and received a written option, as it is called, to purchase at any time within seven months for four thousand eight hundred and fifty-three dollars, which sum includes the principal sum due, with interest computed for the seven months during which the option was to extend. The plaintiff further testified: "The consideration for the deed and collateral agreement was the cancellation of the mortgage, and the debt thereby secured, and that agreement affording them an opportunity of purchasing the property within seven months."

"All I wanted back at the time was the money that was due me. I was not willing that the matter should remain as it was any longer. He said if I would give him the privilege of buying the land, or would agree to sell it to him within a certain time, he would pay the debt by giving me a deed; it was his own proposition. The price of the land was the amount of the debt."

The defendants testified very positively, in effect, that the deed was given in consideration of further time in which to pay the debt. Garwood was willing, according to their evidence, to give further time if he could be saved the necessity of foreclosing a mortgage. That all the parties then understood that there would be no necessity of foreclosing, and that Garwood's title would become absolute at the end of the seven months, I concede. Mr. Wheaton testified: "The deed was given on the consideration that Mr. Garwood would give me further time. The deed was given to satisfy Garwood, to avoid foreclosure proceedings. I had no other alternative. I had either to assign this property to him or let him begin foreclosure proceedings. He said: 'I shall begin foreclosure proceedings, but I will give you an agreement for further time of seven months to redeem in at the said rate of interest as before.'"

He had conveyed the land to his daughter, and testified that after the deed was made he always considered that his daughter owned the land. They continued to collect the rents and to occupy the house as before. The testimony of the daughter is in effect the same.

I think, upon the crucial point, whether the deed was given to secure further time within which defendants could pay their debt, there is no substantial variance between the testimony of plaintiffs and defendants. They agree that such was the purpose. Such being the case, it is immaterial that both thought that the title passed by the deed and was absolute on the expiration of the seven months without foreclosure. The statement made by Garwood that the conveyance paid the debt is but a legal conclusion. Even had both parties used that expression, it would mean but little in view of the fact that as part of the consideration for the deed the option to repurchase for the precise amount of the debt was given.

Personal liability is not essential to a mortgage, and the well-established rule is that every contract which can well be construed to be a mortgage rather than an absolute conveyance of title is a mortgage. This policy is clearly recognized in sections 2888 and 2889 of the Civil Code. A conveyance of the fee by a mortgagor to the mortgagee is always regarded with extreme jealousy, and will be deemed merely as a renewal of the mortgage, if possible. (*Bradbury v. Davenport*, 114 Cal. 593; 55 Am. St. Rep. 92; *Hickox v. Lowe*, 10 Cal. 197.)

In the last case Judge Field quotes with approbation the following from *Kerr v. Gilmore*, 6 Watts, 405: "The cases, however, seem to admit the possibility of a deed absolute on its face and a defeasance agreeing to reconvey if the money be paid on a certain time, and the latter may be unavailing unless the money be paid at the time specified. This can, I apprehend, only occur where the contract and conveyance were clearly for an absolute sale, and the agreement to reconvey a subsequent and distinct matter not in contemplation of the parties when the sale was made and the deed delivered. . . . . When they are of the same date and executed at the same meeting of the parties, before the same witnesses, they must be a mortgage, and only a mortgage, or there will be no more mortgages." A great

many cases are cited, and the learned justice concludes that "slight circumstances will determine the transaction to be one of mortgage, when that can be done without violence to the understanding of the parties."

The transaction is in the precise form of a mortgage at common law, and under the holding here it has all the consequences which attach to such a mortgage at law. Courts of equity allowed the mortgagor to redeem, but the effect of this decision is that nonpayment works a forfeiture and allows no redemption. It is a curious result if, notwithstanding the numerous provisions of our code prohibiting such mortgages, and providing that no such result shall follow, whatever the parties intend and agree to, the common-law mortgage can now be used, and the property subject to the lien forfeited without the right to redeem. The decision conflicts with sections 2888 and 2889 of the Civil Code.

That the parties did not agree or understand that the transaction was a mortgage is not to the point. They did understand that plaintiff was willing to give further time if he could avoid the expense and delay of a foreclosure. And he did give them further time upon their executing a deed which he thought would become absolute if not redeemed by paying the principal and interest of the debt within seven months. This by all the decisions was a mortgage, and, as I have said, was exactly and in all respects itself a common-law mortgage. It contracted for a forfeiture and denied the right of redemption.