[No. 15590. Department Two.—December 12, 1894.]

ELIZABETH ANNE WATSON, APPELLANT, *v.* GEORGE D. EDWARDS ET AL., RESPONDENTS.

MORTGAGE—DEED WITH DEFEASANCE—MUTUAL SURRENDER OF DEFEASANCE AND NOTE.—Where a mortgage is made by a deed and a separate defeasance, the surrender of the defeasance by the mortgagor, accompanied by the yielding up of the note and the discharge of the debt by the mortgagee, with the intent to make the deed absolute, is a valid transaction, as between the mortgagor and mortgagee, provided the transaction is fair, honest, and without fraud, and no unconscionable advantage has been taken by the mortgagee.

ID.—CHANGE OF TITLE—ESTOPPEL.—Whether or not by the respective surrender of the note and debt and defeasance the technical legal title passed to the mortgagee is not material, since both parties are estopped, the one from claiming the debt and the other from claiming any interest in the land.

ID.—CHANGE OF MORTGAGE—PURCHASE OF MORTGAGOR'S RIGHT.—The doctrine "once a mortgage always a mortgage" does not refer to a future contract between the mortgagor and mortgagee in respect to the estate between the parties; and the mortgagee may always purchase the mortgagor's right of redemption, and thus acquire an absolute title; and this rule is not changed by section 2889 of the Civil Code.

ID.—CONSIDERATION FOR SURRENDER OF RIGHT.—The kind or character of the consideration for the surrender of the rights of the mortgagor, or whether there is any consideration between the parties in addition to the mortgage debt, can make no difference as to the validity of the transaction between the mortgagor and mortgagee if the consideration is fair and adequate, and no advantage is taken of the mortgagor by the mortgagee.

ID.—RECORD TITLE—ACTION TO COMPEL CONVEYANCE—INTENT TO VEST TITLE.—In an action in equity to compel a conveyance of the apparent record title, equity, in determining whether it shall grant the relief sought, will not concern itself with the question whether or not the

strict legal title passed by the deed which was originally intended as a mortgage, but it is sufficient to deny the relief that the title should have passed upon the surrender of the defeasance, and of the note and debt, with intent to pass the title, and that there should have been a redelivery of the deed.

ID.—EXTINCTION OF TRUST — TENANCY IN COMMON OF BENEFICIARIES — BONA FIDE PURCHASE BY MORTGAGEE—REPURCHASE BY ONE BENEFICIARY.—Where a mortgagee who holds a deed has given a separate defeasance, and the note and defeasance are surrendered by agreement with the mortgagor, with intent to pass the title to the mortgagee, who cancels the debt without notice of any trust relation between the mortgagor and other persons, the mortgagee becomes an innocent purchaser of the land, and the trust and tenancy in common of the beneficiaries is thereby extinguished; and a subsequent purchase by one of the beneficiaries of the record title held by the mortgagee does not inure to the benefit of the other original tenants in common who were also beneficiaries under the trust.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Pierson & Mitchell,* and *Stanly, Stoney & Hayes,* for Appellant.

The original transaction between Sullivan and Clark having been in law a mortgage did not have its character as a mortgage changed by the surrender of the defeasance, and the subsequent conveyances of Clark to Childs, and Childs to Edwards, as trustee for Mrs. Bucknall. (Civ. Code, sec. 2889, and notes.)   The property having been a trust estate in Sullivan's hands, is trust estate still in Mrs. Bucknall's hands, even assuming that the surrender of the defeasance by Clark to Sullivan vested the title in Clark.   (2 Pomeroy's Equity Jurisprudence, secs. 754, 1083; Hill on Trusts, 165; 1 Perry on Trusts, sec. 222; *Church* v. *Church,* 25 Pa. St. 278. See, also, *Comer* v. *Comer,* 24 Ill. App. 526; *Newell* v. *Cochran,* 41 Minn. 374; *Huling* v. *Abbott,* 86 Cal. 423; 2 Lewin on Trusts, 860; *In re Barrow's case,* 14 Ch. Div. 445, *per* Jessel, M. R.; *Church* v. *Ruland,* 64 Pa. St. 432, 444.)

*Edward R. Taylor,* for Respondents.

When an absolute deed is given, accompanied by a simultaneous instrument operating by way of defeasance, and afterwards the parties agree that the defeasance shall be surrendered and canceled, with intent to vest the estate unconditionally in the grantee by force of the first deed, the estate becomes absolute in the mortgagee. The surrender of the defeasance and the discharge of the debt, for the very purpose and with the declared intent of passing the estate, operates in equity to estop the mortgagor and those in privity with him from treating the deed as a mortgage. (*Trull* v. *Skinner,* 17 Pick. 215; *Green* v. *Butler,* 26 Cal. 595; *Wilson* v. *Carpenter,* 62 Ind. 495; *Vennum* v. *Babcock,* 13 Iowa, 194; *Marshall* v. *Stewart,* 17 Ohio, 356; *Mussey* v. *Holt,* 24 N. H. 252; *Wiley* v. *Christ,* 4 Watts, 199; *Mallory* v. *Stodder,* 6 Ala. 801; *Nason* v. *Grant,* 21 Me. 160; *Fales* v. *Conway F. Ins. Co.,* 7 Allen, 46.) The estate being absolute in Clark, Mrs. Bucknall had as much right to buy it as any one else, and the mere fact that she was a beneficiary would not absolutely debar her from dealing in the property. (*Rutgers* v. *Kingsland,* 7 N. J. Eq. 178; Pomeroy's Equity Jurisprudence, sec. 754.)

McFARLAND, J.—This action was brought to have it adjudged that plaintiff is the equitable owner of the undivided one-fourth of each and all of certain lots of land in San Francisco; that defendant Edwards holds the legal title to the said fourth of some of said lots in trust for plaintiff, and that defendant Joseph F. Clark so holds the legal title to the fourth of the rest of said lots; and that, after an accounting and the payment of indebtedness found to be due from plaintiff, the said Edwards and Clark convey to plaintiff the said undivided fourth of said lots so held by them respectively. Other persons are made defendants, as claiming some interest in the premises, or as being necessary parties. The court below gave judgment for defendants, and plaintiff appeals from the judgment. There was also

an attempted appeal from an order denying a motion for a new trial, but, as the record shows, this latter appeal was not perfected. (See Transcript, folio 363.)

The facts necessary to an understanding of the case are these: On November 20, 1870, the plaintiff, the defendant, Mary E. Bucknall, and John C. Davis, who were brother and sister, were the owners as tenants in common of certain lands which included the said lots involved in this action, and Eugene L. Sullivan was an owner in common with them in a part of said lands, and was also the owner of certain other lands in San Francisco. On that day—November 20, 1870—the said plaintiff, Bucknall, and Davis conveyed to said Sullivan all their interests in said lands; and on the same day two other instruments in writing were executed by and between said four persons, by which it was declared that the lands above referred to, including the lands which said Sullivan held in severalty, should all be held by said four persons as tenants in common, each having an undivided one-fourth; that the title should remain in Sullivan, and he should have absolute management of the property; that he should have a power irrevocable to mortgage or to sell and convey any of said property "upon such terms and conditions . . . . as he shall think fit." The property was encumbered at the time with a large indebtedness; and it was declared that Sullivan held the property in trust "to administer, bargain, sell, convey, mortgage, or otherwise encumber and dispose of the same, or any estate or interest therein," to discharge out of the rents and profits all indebtedness "now or hereafter to be a lien on the same," and at some future day to make division and partition among said parties. The other three were near relatives of Sullivan, and treated by him as his children, and he had been in possession of and had managed said property since the death of their father in 1850; and after the date of said instruments he continued in the possession and management thereof until his death, which occurred March 26, 1885.

On January 23, 1879, and while the relations of said four persons with respect to said property were as above stated, and said trust still existed, the said Sullivan, in furtherance of the purposes of said trust, executed to defendant Joseph F. Clark a deed of conveyance of that part of said property which is involved in this action. The deed was upon its face absolute, and conveyed title in fee to Clark; but it was intended at the time as security for money borrowed by Sullivan, evidenced by a promissory note made by the latter to Clark, and Clark gave to Sullivan a paper writing, called in the record a defeasance, of even date, in which he promised to reconvey the property to Sullivan upon the repayment of said money. The deed was recorded, but the defeasance was not. Afterwards, Sullivan, not having paid the interest nor having kept the taxes on the land paid, Clark demanded payment, whereupon Sullivan informed Clark that he could not pay him in money, but would give him the land for the indebtedness. This Clark was reluctant to do, as he believed the land to be worth less than the amount of the indebtedness; but, being informed by Sullivan that he could get nothing else, he finally agreed to take the land for the debt. Thereupon Clark returned the promissory note to Sullivan; Sullivan surrendered to Clark the said paper writing or defeasance, and Sullivan was discharged by Clark of all said indebtedness. Thereafter said Clark, until his conveyance of the land, as hereinafter stated, possessed said land as his own, and spent money upon the same, and Sullivan was not indebted to him in any sum of money, and made no claim to any part of said land. Clark was in the position of an innocent purchaser without notice. The money borrowed by Sullivan was not for his private purposes.

Afterwards, the defendant Mary E. Bucknall purchased from said Clark all the property that had been conveyed to him as aforesaid by Sullivan, except certain lots which he retained. Mrs. Bucknall borrowed the money to pay for the land from defendant Edwards,

and by agreement Clark conveyed the land to defendant Childs, who was to hold it as security to Edwards for the money borrowed by Bucknall. By further agreement Childs conveyed to Edwards, who was still to hold it as such security, but by consent the conveyance to Edwards was not recorded. Mrs. Bucknall paid the full value of the property at the time of her purchase, and bought it for herself alone. The real contest in the case is between the plaintiff and Mrs. Bucknall as to the one-fourth of the land purchased by the latter from Clark, and between the plaintiff and Clark as to the one-fourth of the lots retained by Clark. There are only two questions in the case requiring special notice.

1. Appellant contends that he should have had judgment, because the original transaction between Sullivan and Clark was, in law, a mortgage, and that its character as a mortgage was not changed, and could not have been changed, by the subsequent acts of a surrender of the defeasance, the yielding up of the note, the discharge of the debt, etc.; and that, in order to make such a transfer valid, there must be some new consideration from the mortgagee to the mortgagor. This contention cannot, in our opinion, be successfully maintained. A mortgagor may sell and convey all his right and interest in the mortgaged premises to the mortgagee where the transaction is fair, honest, and without fraud, and where no unconscionable advantage has been taken of his position by the mortgagee. It would be surprising if two men in their senses and with their eyes open could not make such a contract. The doctrine "once a mortgage always a mortgage" does not refer to *future* contracts. In Washburn on Real Property it is said that the character of a mortgage cannot be changed "by an agreement of the parties made *at the time* of the execution of the deed," and that " equity will not admit of a mortgagee embarrassing or defeating his right to redeem the estate by any agreement which he may be induced to enter into *in order to effect a loan"*; but that " this does not preclude any *subsequent bona fide* agree-

ment in respect to the estate between the parties," and that "the mortgagee may always purchase the mortgagor's right of redemption, and thus acquire an absolute title." (2 Washburn on Real Property, 5th ed., top pp. 65, 66, secs. 23, 24.) Section 2889 of the Civil Code does not change the rule. The case at bar is in principle exactly like the case of *Green* v. *Butler*, 26 Cal. 595. In that case Justice Sawyer, speaking for the court, after noticing a number of authorities to the point, says: "Independent of authority, no argument is necessary to show that, upon principle, a mortgagor has the same capacity to contract with reference to his interest in the mortgaged premises that he has with reference to any other property." The only difference between that case and the one at bar is that in the former case there was some consideration between the parties in addition to the mortgage debt; but the kind or character of the consideration can make no difference if it be, as in the case at bar, fair and adequate. There was no advantage taken of the mortgagor by the mortgagee; the latter was the reluctant party, and the transaction was pressed on him by the mortgagor. Whether or not, by the respective surrenders of the note and debt and the defeasance, the technical legal title passed to Clark, is a question not important in this case. Both parties were estopped—Clark from claiming the debt, and Sullivan from claiming any interest in the land. It has been held by some courts of sister states that "where a mortgagor voluntarily canceled the instrument of defeasance which he held, it gave the deed which it was intended to defeat the effect of an original absolute conveyance as between the parties." (Washburn on Real Property, sec. 24, and cases cited.) Under the decisions in this state it may be assumed that in such a case the absolute title would not pass, unless at least there had been a redelivery of the deed, or facts from which such redelivery should be inferred. But in the case at bar Clark had, at least, the apparent record title, and appellant is invoking the power of a court of chancery

to compel the conveyance to him of such title.   Equity, in determining whether it shall grant appellant's prayer, will not concern itself with the question whether or not the strict legal title passed.   It is sufficient that it *should* have passed.

2. It is contended that the purchase of Mrs. Bucknall from Clark should inure to the benefit of appellant, because she and the appellant were original tenants in common, and beneficiaries under the trust.   But by the transactions above stated the trust, as to the land purchased by Mrs. Bucknall, had come to an end, and the land had ceased to be common property.   She had as much right to buy it as any tenant in common has to buy land which had formerly been common, but which had by the act of all the tenants in common, either in person or by an authorized agent, passed to a stranger.

The findings are sufficiently full, and we do not think that they are in conflict with the facts admitted in the pleadings.   We do not see that any further discussion of the case is required.

The judgment is affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.