[L. A. No. 415.  Department One.—February 23, 1898.]

## WILLIAM N. BRADBURY, Administrator, etc., Appellant, v. JOSIAH N. DAVENPORT, et al., Respondents.

Mortgages—Sale of Mortgaged Premises to Mortgagee—Fairness of Transaction—Validity of Contract—Construction of Code.—Section 2889 of the Civil Code, providing that "all contracts for the forfeiture of property subject to a lien, in satisfaction of the obligation secured thereby, and all contracts in restraint of the rights of redemption are void," relates only to an agreement made at the time of the creation of the lien, and does not affect or refer to a subsequent contract between a mortgagor and mortgagee, whereby the mortgagor sells and conveys all his right and interest in the mortgaged premises to the mortgagee; and where such a transaction is fair, honest, and without fraud, and no unconscionable advantage has been taken of the position of the mortgagor by the mortgagee, such sale and conveyance is valid.

Id.—Escrow—Deposit of Note and Mortgage, and Conveyance in Payment—Valid Transaction—Fulfillment of Conditions.—Vesting of Title. Where a note and mortgage past due, and a conveyance from the mortgagor to the mortgagee, were placed in escrow, upon condition that if the note and mortgage were paid, by a time fixed, the custodian should deliver all the papers to the mortgagor, and satisfy the mortgage, and that if he should fail to make such payment the custodian should deliver the deed to the mortgagee, in full satisfaction and payment of the mortgage indebtedness, and should deliver the note to the mortgagor, it appearing that the amount of the indebtedness was in excess of the value of the property and that the arrangement was deliberate and voluntary, and free from fraud, undue influence, or imposition, the transaction was valid, operative, complete, and irrevocable from the date of the delivery in escrow to the depositary, and upon the fulfillment of the conditions upon which the deed was to be delivered to the mortgagor it vested him with the legal title to the property.

APPEAL from a judgment of the Superior Court of San Diego County.  J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

Withington & Carter, for Appellant.

Haines & Ward, for Respondents.

VAN FLEET, J.—The sole question presented is as to the validity of the contract under which Davenport received the deed of

plaintiff's intestate, Keniston, to the premises in dispute. The contract recites that Keniston was the owner of certain land which was subject to a mortgage to Davenport to secure Keniston's promissory note, upon which there was due on March 1, 1895, three thousand three hundred and thirty-three dollars and eighty-seven cents, unpaid at the making of the contract; that Keniston had made and executed his deed conveying the portion of the mortgaged premises here in dispute to Davenport, and placed the instrument in escrow in the hands of the cashier of the bank of Escondido, and that Davenport had likewise placed the note and mortgage in the same custody; that said escrow was made for the purpose, and upon the condition mutually agreed, that if Keniston should pay to said cashier for the benefit of Davenport, on or before July 1, 1895, the amount of said note, with semi-annual interest thereon, at the rate of ten and a half per cent per annum from the first day of March, 1895, to the time of such payment, said cashier should surrender the note and deed to Keniston, and satisfy the mortgage; but, if Keniston should fail to pay the indebtedness as stipulated, then the custodian should deliver the deed to Davenport, and the note to Keniston, the stipulation being that in that event "such delivery of said deed to Davenport shall be a full payment and satisfaction of said note." The contract also provided that in the event of the deed passing to Davenport, Keniston should have the use and possession of the premises conveyed until November 1, 1895, as the tenant of Davenport.

Appellant's contention is that the contract was void because it was in effect an agreement for the forfeiture of the mortgaged premises in the event of the failure to pay by July 1st, and was in restraint of the right of redemption—in contravention of section 2889 of the Civil Code; and that the contract being void, the deed found to have been delivered in pursuance thereof is tainted with the same vice. But under the facts found we are unable to perceive wherein the transaction is to be distinguished in any material respect from that sustained in *Watson v. Edwards*, 105 Cal. 70, 75, and in *McDonald v. Huff*, 77 Cal. 279; nor in fact why the question is not in effect concluded by what is said on the same subject on the former appeal. (*Bradbury v. Davenport*, 114 Cal. 593; 55 Am. St. Rep. 92.)

In *Watson v. Edwards, supra,* it was held that section 2889 of the Civil Code does not affect or refer to a subsequent contract between the mortgagor and mortgagee in respect to the title to the mortgaged premises; and it is said: "A mortgagor may sell and convey all his right and interest in the mortgaged premises to the mortgagee, where the transaction is fair, honest, and without fraud, and where no unconscionable advantage has been taken of his position by the mortgagee. It would be surprising if two men in their senses, and with their eyes open, could not make such a contract. The doctrine 'once a mortgage, always a mortgage,' does not refer to future contracts. In Washburn on Real Property it is said that the character of a mortgage cannot be changed 'by an agreement of the parties made at the time of the execution of the deed,' and that 'equity will not admit of a mortgagor embarrassing or defeating his right to redeem the estate by any agreement which he may be induced to enter into in order to effect a loan,' but that this 'does not preclude any subsequent bona fide agreement in respect to the estate between the parties,' and that 'the mortgagee may always purchase the mortgagor's right of redemption and thus acquire an absolute title.' (2 Washburn on Real Property, 5th ed., pp. 65, 66, secs. 23, 24.)"

And in *McDonald v. Huff, supra,* it is held that such a transaction is complete and operative and irrevocable from the delivery of the contract and deed to the depositary, and is effectual to vest the legal title in the grantee upon the conditions of the contract being fulfilled.

The correctness of these principles is fully recognized in the opinion filed on the former appeal. That was an appeal from a judgment entered on demurrer sustained to the complaint on the ground that it did not state a cause of action. The judgment was reversed, not because of a failure of the court to indorse the doctrine of the cases above cited, but because it was conceived that by reason of certain averments in the complaint the transaction was shorn of the element of fairness and good conscience requisite to bring it within the rule of those cases. The complaint in this respect alleged in effect that the making of the contract and deed was unfairly induced by the representations of the mortgagee while the mortgagor was sick and unfit

to attend to business, and in embarrassed circumstances, and was procured to be made without just or adequate consideration, in that the equity of redemption was of the value of four thousand dollars over and above the indebtedness for which the conveyance was executed; and it was held that the complaint stated a cause of action; that such a conveyance or release must be for a consideration which would be deemed reasonable if the contract were between other parties, and that any marked inadequacy of consideration would vitiate the transaction; and that the burden was upon the creditor to show that the right of redemption was surrendered deliberately and for an adequate consideration. These averments, however, have been wholly negatived by the findings which are unchallenged, and which show that the contract in question was entered into by Keniston "deliberately, advisedly, fairly, and while he was in full possession of his faculties and competent to do business, without persuasion or any representations by this defendant [Davenport], and without any undue influence or any imposition whatever practiced upon him, and that the same was not executed by him when he was unable to properly attend to his business, or for any consideration less than the whole value of the premises mentioned in said agreement and conveyed by said deed." In fact, the findings show that the amount of the indebtedness at the time, and in consideration of which the deed passed to Davenport, was in excess of the value of the premises conveyed.

The supposed inequitable features presenting themselves for discussion in the former opinion are thus swept away and eliminated from the case, and what is there said on that subject is consequently wholly inapplicable to the case disclosed by the findings. This leaves the case, as suggested above, squarely within the doctrine of *Watson v. Edwards, supra,* and the other cases cited.

The judgment is affirmed.

Harrison, J., and Garoutte, J., concurred.