[L. A. No. 1140.   Department Two.—September 29, 1903.]

## CHARLES G. EMERY, Respondent, v. T. S. C. LOWE and LEONTINE LOWE, Appellants.

DEED INTENDED AS MORTGAGE—CLEAR PROOF REQUIRED—FINDINGS—CONFLICTING EVIDENCE.—The proof must be clear and satisfactory to establish that a deed absolute on its face was intended as a mortgage; and where the trial court finds that it was not so intended, the judgment cannot be reversed unless the evidence is overwhelmingly the other way. Where the evidence is substantially conflicting, the finding that the deed was not intended as a mortgage cannot be disturbed.

ID.—JOINT NOTE FOR RENT—CONSIDERATION.—Where it appears that the joint note in suit was given by the husband and wife, appellants, to the respondent, for rent due under a lease of the premises to the husband by the respondent for one year, with the privilege of repurchasing the same within that period, and that the respondent, by accepting the joint note, extended the time of payment and waived the forfeiture of the lease, and allowed both of appellants the desired privilege of remaining in possession, the note is supported by a sufficient consideration as to both of the appellants.

ID.—NOTE OF HUSBAND AND WIFE—"COERCION"—PLEADING FACTS NOT AVERRED—DEMURRER.—In an action upon such joint note, an averment made in an amendment to the wife's answer that her husband "coerced" her to sign the note, without the averment of any facts constituting undue influence or duress on his part, was insufficient, and a demurrer thereto was properly sustained.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Lynn Helm, for Appellants.

Lee & Scott, and Edward C. Bailey, for Respondent.

McFARLAND, J.—This is an appeal by defendants from a judgment in favor of plaintiff and from an order denying their motion for a new trial.

The action is upon a promissory note made by defendants to plaintiff of the date of March 19, 1898, for $1,542.75, due ninety days after date. The first formal defense set up in the answer is want of consideration; but subsequent averments in the answer and the course of the trial show that the real defense is, that the note was merely another form of part of a large present indebtedness secured by an instrument in writing which, on its face, is an absolute conveyance of certain real property, but is alleged by defendants to have been intended as a mortgage; and appellants' contention is, that respondent's only remedy is an action to foreclose the mortgage as provided by section 726 of the Code of Civil Procedure. The court, however, found that the instrument was an absolute conveyance of the property, and was not, and was not intended to be, a mortgage; and unless this finding can be disturbed, the judgment and order must be affirmed.

The main features of the case are these: The appellants had been the owners of certain real property situated in the city of Pasadena, California, which they had mortgaged to the State Loan and Trust Company of Los Angeles, a corporation, to secure about thirty thousand dollars. The mortgage had been foreclosed, and at a commissioner's sale under the foreclosure the said loan and trust company had purchased the property and received a certificate of purchase; and the time for redemption would expire on the twenty-second day of July, 1897. A few days before that time—about July 16, 1897—the appellant T. S. C. Lowe went to E. H. Lockwood, who was a real estate agent residing at Pasadena, and told him of the situation of the property, and asked his assistance in raising the money to save his right of redemption. Appellant first wanted to borrow the money and give a mortgage. There is some conflict in the testimony of

Lockwood and appellant as to what next occurred. Lockwood testified that he told appellant that it would be impossible to negotiate a loan for the .necessary amount of money, and asked him ''if there was any other arrangement that could be made,'' and appellant said that ''he would be glad to sell the property provided he were given an opportunity to repurchase the property within a reasonable time at a good advance.'' It was found that it would take thirty-four thousand dollars to satisfy the said loan and trust. company and to meet certain other incidental expenses; and Lockwood testified that it was agreed that if he could make the necessary arrangements for the sale of the property, appellant would have the privilege of repurchasing it within a year at thirty-nine thousand dollars, and would also lease it for a year and pay two hundred dollars per month cash rental, and also certain taxes and insurance. Appellant's testimony as to these conditions was practically the same as that of Lockwood, except that, according to the former's testimony, the deed to the purchaser was to be considered a mortgage. At that time the respondent, Emery, was in the state of New York, where he resided; but for several years he had been in Pasadena a few months each year, and was acquainted there. He knew Lockwood, who, as agent for others, had sold respondent some pieces of land there, and who had also done some business there for respondent. So far as respondent is concerned, the negotiations which resulted in his buying the land here in question were conducted entirely by telegrams, which all appear in the record, and they amount substantially to this: On July 16, 1897, Lockwood telegraphed to respondent, speaking of the property here in question, ''Can sell now entire property and convey perfect title for amount of claim thereon, which is thirty-four thousand dollars, provided Lowe is given option to purchase back at five thousand dollars advance within one year.'' In reply to this respondent wired back that he did not like to make important deals in such hasty manner, and made inquiries as to the acreage and what rental Lowe would pay in addition to the five thousand dollars, and other details, and saying that he did not think it a very salable property. Lockwood replied, giving the details asked for, and saying that ''Lowe offers, in addition to five thousand

dollars bonus, to pay all taxes, insurance, care of grounds and house, and two hundred dollars per month cash rental.'' Respondent then telegraphed to his son, Frank Emery, who was at Pasadena, to see Lockwood, and that ''if Lee passes on title I will wire you the money so you can complete the transaction for me, if you are satisfied that it is a good one.'' (Lee was one of the law firm of Lee & Scott, of Los Angeles, who were respondent's attorneys.) Respondent's son wired back: ''Have seen Lee Lockwood and Lowe property, consider deal good. Will close terms stated yours yesterday.'' Thereupon respondent wired the money to his son; the State Loan and Trust Company was paid its claim, and it assigned to respondent the certificate of purchase, and after the expiration of the redemption period the commissioner executed to respondent a deed conveying the property to him. Lockwood testified that all the telegrams were shown to appellant, and that the latter helped to formulate those sent to respondent. Pursuant to the agreement, Lee, attorney for respondent, under instructions from respondent's son, prepared a deed, which was signed and acknowledged by respondent, conveying in terms the property here in question to the Los Angeles Safe Deposit and Trust Company, a corporation, to whom appellant requested the deed to run, which deed was deposited in escrow with the Title Insurance and Trust Company, a corporation. He also prepared a lease from respondent to appellant T. S. C. Lowe, executed by both of the said parties, by which the former leased to the latter for one year, commencing July 23, 1897, the property here in question, in which lease appellant promised to pay a cash rental of twenty-four hundred dollars, payable in monthly installments of two hundred dollars, in advance, on the 23d of each month, and promised also, among other covenants, to pay all taxes on the property and keep it insured; and it was covenanted in the lease that if any rent should remain unpaid for fifteen days after it should be due, or appellant should fail to pay any taxes before the same should be delinquent, or any insurance premiums, then ''the lessor may forthwith terminate and end this lease immediately, and it shall be lawful for him to re-enter the said premises and remove all persons therefrom.'' This lease was also deposited with the said Title

Insurance and Trust Company, together with a letter of
instructions from respondent's attorneys by which the com-
pany was directed to collect the rent of the lease, and that
upon the payment to it of the sum of thirty-nine thousand
dollars by the grantee named in said deed, "and the complete
fulfillment up to date of said payment by the said Lowe of
all the covenants by him undertaken in said lease," it should
deliver the said deed deposited in escrow as aforesaid to the
grantee therein; but if the said grantee should fail to pay
the thirty-nine thousand dollars within the year, "or if said
Lowe shall fail to pay the said rent or the taxes or premiums
on insurance policies as provided in said lease, or shall fail to
fully perform all or any of the covenants by him in said lease
undertaken, then, and in any one of such events, you shall
forthwith upon demand of said Charles G. Emery, or his au-
thorized agent, return him the said lease and the said deed."
The appellant knew of the deposit of said papers in escrow
and of the letter of instructions which accompanied them. Lee
testified that while the papers were being prepared, appellant
having in his conversation used the word "loan" or "ad-
vanced," "I at once told him that I had no power or author-
ity to close a loan with him; that Mr. Emery was not loaning
money; that he was purchasing the property from the State
Loan and Trust Company, giving him the right to repurchase,
having been the original owner, and that Mr. Emery was
quite satisfied to have him remain in possession as he would
take good care of it, if he paid him the rent; that that was
the transaction, and that I did not want any misunderstand-
ing." And he testified that, after further explanations to
the same effect, appellant "expressed himself as satisfied that
that would secure him in the rights which he wished." On
February 5, 1898, appellant not having fulfilled his cove-
nants expressed in the lease, and several months' rent and
some taxes and insurance being unpaid, the respondent de-
manded return to him of the said deed and lease which had
been deposited in escrow with the Title Insurance and Trust
Company, and the latter delivered the same to respondent.
Respondent testified that the first intimation which he had
that any one supposed that the transaction was a loan was
from a remark of appellant made several months afterwards.

A month or two after the deed and lease had been returned to respondent, the appellant being desirous to remain on the premises until the expiration of the year mentioned in the lease, the respondent agreed that he might do so if he would give a joint note of himself and his wife, the other defendant and appellant, for the amount then due on the lease, and would pay the rent thereafter accruing as it fell due; and thereupon the two appellants made the note upon which this action is brought, which was the amount for rent, taxes, etc., then due.

Substantially, the only evidence tending to weaken or contradict the foregoing facts and evidence as to the question whether the deed was given as a mortgage is contained in the testimony of the appellant T. S. C. Lowe. He claimed that his negotiations with Lockwood were upon the basis of a loan and mortgage. He admitted that Lockwood said there must be a deed, and that a mortgage would not do; but he testified that Lockwood said that respondent "preferred to have it in the form of a deed or a trust deed." But this was denied by Lockwood, who testified that he told him that he would not entertain the proposition of a loan. Appellants' testimony was as to some other matters contradictory of the testimony of respondent's witnesses; but at best it only presented an instance of conflicting evidence.

A judgment decreeing a deed which is on its face an absolute and unconditional conveyance of property to be something else should be based on clear and satisfactory proof (*Sheehan* v. *Sullivan,* 126 Cal. 196, and cases there cited), and an appeal from such a judgment sometimes presents a difficult question; but where, as in the case at bar, a trial court has declared such an instrument to be just what it purports to be, an appellant from such a judgment cannot expect a reversal unless the evidence is almost overwhelmingly the other way—which certainly cannot be said of the evidence in this case. Appellants contend that Lockwood should be held to have been the agent of respondent for the purpose of making the loan, and that the latter was bound by what the former did in the transaction in question; but the great preponderance of the evidence is to the point that he was not such agent, either actual or ostensible; and, moreover, Lock-

wood testified that he did not agree to make a loan, and positively refused to do so. And, then, respondent's evidence shows that afterwards, when the papers were executed, appellant was expressly informed and fully understood that the transaction was not that of a loan and mortgage. The finding of the court that the value of the property was largely in excess of the amount paid by respondent, only presented a circumstance to be considered with the other evidence; and the entire evidence largely preponderates in favor of the conclusion reached by the court below. There is therefore no ground for disturbing the finding that the deed was not a mortgage.

There was clearly sufficient consideration for the note as against both appellants. In addition to the fact that the amount for which it was given was due from T. S. C. Lowe, the respondent, by taking it, extended the time of payment, waived the forfeiture of the lease, and allowed appellants to remain in possession—a privilege which they greatly desired. And the court did not err in sustaining a demurrer to an amendment by the defendant Leontine to the amended answer. The only new thing of any importance in the amendment is a general averment that T. S. C. Lowe "coerced" her to sign the note; but no facts constituting undue influence or duress are stated, and the general averment was not sufficient. (See authorities cited on pages 247 et seq., 7 Am. & Eng. Ency. of Plead. & Prac.)

The judgment and order appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.