[Civ. No. 117.   Third Appellate District.—March 22, 1906.]

WALTER A. DANIELS, Respondent, v. SARAH L. DANIELS, Executrix of Will of NEWELL DANIELS, Deceased, et al., Appellants.

ACTION UPON NOTES—ESCROW—CONTEMPORANEOUS AGREEMENT SUSPENDING CAUSE OF ACTION—STATUTE OF LIMITATIONS—JUDGMENT UPON PLEADINGS.—In an action upon promissory notes bearing no interest, and payable upon demand, where it was alleged in the complaint that a contemporaneous agreement was made between the maker, payees and a third person, that the notes should be placed in escrow with such third person, and not delivered nor negotiated until the death of the maker, or at the end of a fixed

period if he should live so long, and his death was alleged before
the expiration of such period, the complaint shows on its face
that the cause of action was suspended until final delivery of the
notes, and that the statute of limitations did not begin to run
until the death of the maker; and where the answer admitted the
allegation of the complaint showing that the cause of action was
not barred, and merely pleaded the statute of limitation, judgment
was properly rendered for plaintiff upon the pleadings.

ID.—PLEA OF LIMITATION NOT ADMITTED.—In such case the plea of the
statute of limitations, taken in connection with the failure to deny
the allegations of the complaint, was not admitted, it being, under
the circumstances, in the nature of an erroneous conclusion of law
from the facts alleged and admitted.

ID.—SINGLE CONTRACT—CONSIDERATION—COMPETENCY OF ESCROW.—
The notes and auxiliary agreement, being parts of one transac-
tion, constituted a single contract; and the consideration of the
notes was sufficient to support the entire contract respecting them.
It was perfectly competent for the parties to enter into the agree-
ment that the notes were to be delivered as escrows, to be delivered
to the payees only upon the death of the maker or the expiration
of the prescribed period of time.

ID.—IMPEDIMENT CREATED BY THE PARTIES—SUSPENSION OF LEGAL
RIGHTS.—If the contracts were to be construed as merely agreeing
for a suspension of legal rights, and of the pursuit of legal rem-
edies upon the notes during the period of the escrow, the running
of the statute was suspended while the impediment created by the
agreement of the parties endured; and the forbearance evidenced
by suspension of legal right to sue on the notes bearing no interest
must be considered as an essential part of the consideration for
which the notes were given.

APPEAL from a judgment of the Superior Court of
Sonoma County.  A. G. Burnett, Judge.

The facts are stated in the opinion of the court.

C. H. Pond, and J. M. & R. L. Thompson, for Appellants.

W. B. Kollmyer, for Respondent.

McLAUGHLIN, J.—It appears from the complaint herein
that on the fifth day of June, 1897, at Chicago, Illinois, Newell
Daniels and Sarah L. Daniels made and executed their promis-
sory note for $1,000 without interest, payable to Walter A.

Daniels at his office in Chicago upon demand, and at the same time and place made and executed a similar note for a like amount to Adelaide M. and Cora Jean Daniels. That at the time the said notes were so made and executed, and as a part of the same transaction, the payors, who were described as residents of the state of California, as parties of the first part, the payees, as sole heirs at law of Leo H. Daniels, deceased, as parties of the second part, and one James A. Stoddard of Chicago, as party of the third part, entered into an agreement in writing, reciting the execution of the two notes, in renewal of two notes given to secure the payment of sixty-one shares of stock in the Milwaukee Cranberry Company, representing an interest in six hundred and eighty acres of land in Wisconsin, and recording their mutual agreement with regard thereto, which was, in substance, as follows: It was mutually covenanted that the two notes be placed in the keeping of the third party to be by him or his legal representatives retained until the death of Newell Daniels, provided such death occurred within nine and one-half years from date thereof; that the payors might pay or renew either or both of the notes at any time within the period mentioned; and that upon the death of Newell Daniels, or at the expiration of nine and one-half years, if he should live so long, the third party, upon notification, would immediately deliver the notes to the parties of the second part, their heirs, executors, or administrators, to be used by them as they might deem proper, "by negotiating them or otherwise." It was further alleged in the complaint that Newell Daniels died on April 16, 1904, that Sarah L. Daniels was the duly appointed, qualified and acting executrix of his will, that claims upon said notes in due form had been presented within the time allowed by law, and rejected, and that plaintiff was the assignee of payees and claimants Adelaide M. and Cora Jean Daniels. The defendant demurred to the complaint on general grounds, and on the special ground that the causes of action therein stated were barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure. The demurrer was overruled, and an answer was filed which contained only an affirmative allegation that Newell and Sarah L. Daniels had resided in this state continuously for more than four years prior to the death of the former, and a reiteration of the plea that the

causes of action were barred by the statute of limitations. The court granted plaintiff's motion for judgment on the pleadings, and this appeal is from the judgment thereupon entered.

As preliminary to the main inquiry touching the plea of the statute of limitations, it is contended that the motion for judgment on the pleadings admits the truth of the averments that the causes of action are barred by the provisions of section 337 and subdivision 1 of section 339 of the Code of Civil Procedure. This contention cannot be sustained. While the ordinary rule is that such a motion must be treated as an admission that every substantive fact stated in the answer is true, that rule cannot have the conclusive effect claimed for it here. The absence of denials in the answer was an express admission that every fact alleged in the complaint was true. The answer must, therefore, be construed as confessing such facts, and the special plea in bar of the causes of action thereby admitted must be treated as an averment that, though the facts so admitted and affirmatively alleged are true, the bar of the sections of the code enumerated had intervened when the complaint was filed. In other words, such special plea is a conclusion of law which the law for mere convenience tolerates in a pleading, but the sufficiency of such plea rests on facts admitted or proven. If the facts show that the causes of action are barred, the plea attaches and the plaintiff must be denied relief. If the facts demonstrate the contrary, it would be giving the plea undue force to say that it not only contradicts the other admissions, but conclusively establishes something which is admittedly untrue. We are of the opinion that the causes of action stated in the complaint were not barred by the provisions of law relied upon, when that pleading was filed. It stands admitted that the agreement was executed contemporaneously with the notes, as part of the same transaction, and that the notes were thereupon delivered to and deposited with Stoddard under the terms of the contract. "Several contracts relating to the same matters between the same parties, and made as parts of substantially the same transaction, are to be taken together." (Civ. Code, sec. 1642.) Therefore, the notes and auxiliary agreement must be viewed as one contract, and construed as a whole, effect must be given to every part, to the end that the in-

tention of the parties as it existed at the time of contracting may be effectuated. (Civ. Code, secs. 1636, 1642.) So viewed, it must receive an interpretation that will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if this can be done without violating the evident intention of the parties, and if uncertainty exists the language must be interpreted most strongly against the promisors, who are, presumably, the parties who caused the uncertainty to exist. (Civ. Code, secs. 1643, 1654, 3451, 3453.) The purpose and intention of the parties to the transaction as evidenced by the auxiliary agreement seems quite evident. The execution and unconditional delivery of the notes would create the relation of debtors and creditors, with the correlative rights pertaining to such relation. If it was not intended that the legal rights which would otherwise result from the delivery of the notes and the relation thereby created would be changed, modified, or suspended by the agreement, then it could have no possible purpose or object. But that such was the intention was apparent from the context. By the general terms of the agreement the notes were placed in the keeping of Stoddard until death or lapse of time should entitle the payees to the full possession and control thereof. Unless it was intended by such general terms to suspend the legal rights incident to complete delivery and control of the notes, there could be no necessity for the insertion of a clause reserving the right of the debtors to pay or renew either or both of the notes. They would have this right as debtors under ordinary circumstances, and the only purpose the reservation could have would be to guard against a postponement or suspension of the particular rights reserved, which would otherwise result from the general terms and conditions upon which the notes were delivered to and held by Stoddard. If it was not intended that the right of the payees to collect, control, indorse, negotiate, and use the notes would be postponed or suspended, then there could be no object in stipulating that the right to possess, control, use, and negotiate them should only accrue after death or flight of time had rendered their delivery by Stoddard a duty. Indeed, there could be no necessity for placing the notes in the hands of a stranger for a stated period unless the design was to deprive the payee of the rights which ordinarily attend the complete delivery, control and possession of negotiable instruments. A fair, un-

strained and reasonable construction of the agreement leads to the conclusion that the notes were delivered to Stoddard as escrows to be delivered upon the death of Daniels or the expiration of the prescribed period of time. It was perfectly competent for the parties to enter into such an agreement. (Daniel on Negotiable Instruments, 5th ed., sec. 68; *Witmer Bros.* v. *Weid,* 108 Cal. 574, [41 Pac. 491]; *Bradbury* v. *Davenport,* 120 Cal. 152, [52 Pac. 301]; *Ruiz* v. *Dow,* 113 Cal. 496, [45 Pac. 867].) And the statute of limitations did not commence to run until the death of Newell Daniels, when a cause of action accrued on each of the notes. (*Smith* v. *Lawrence,* 38 Cal. 29, [99 Am. Dec. 344]; *State Loan etc. Co.* v. *Cochran,* 130 Cal. 252, [62 Pac. 466, 600]; *W. F. Co.* v. *Enright,* 127 Cal. 674, [60 Pac. 439]; *McDonald* v. *Huff,* 77 Cal. 283, [19 Pac. 499].)

If this is not the proper construction of the agreement then but one other is possible, and that is that the payees thereby agreed to suspend their legal rights and forego the pursuit of legal remedies which would otherwise be open to them, during the time the notes were held by Stoddard under the agreement. Under the former construction the time necessary to complete the bar of the statute would not commence to run until the death of Daniels, and under the latter the running of such time was suspended while the impediment created by the agreement of the parties endured. (*Harrington* v. *Home L. Ins. Co.,* 128 Cal. 540, [58 Pac. 180, 61 Pac. 99], and cases cited *supra.*) In either event the causes of action were not barred by the provisions of law relied upon. There was a sufficient consideration for the agreement. Aside from the fact that the notes and agreement were part of the same transaction, and that the consideration for the notes would support the agreement, it was perfectly competent for the parties to agree that the notes should be delivered at a specified time and in a particular manner. In any event, the forbearance evidenced by the suspension of legal right to sue on notes bearing no interest must be considered as being an essential part of the consideration for which the notes were given.

The judgment is affirmed.

Chipman, P. J., and Buckles, J., concurred.