[Civ. No. 5206. First Appellate District, Division One.—July 26, 1927.]

CROMWELL C. THOMPSON, Respondent, v. ELLEN F. MANSFIELD et al., Appellants.

Wm. Neblett and John Dickinson for Appellants.

Edward Winterer for Respondent.

CASHIN, J.—An appeal from a judgment in an action to recover the possession of certain real property situated in Los Angeles County.

The plaintiff alleged title with the right to possession and averred that the defendants were wrongfully in possession

of the property. These allegations were denied by the defendants, who by their cross-complaint alleged that they were the owners of the property; that a conveyance thereof executed by them to plaintiff's predecessor in interest and under which plaintiff claimed title was a mortgage to secure the payment of the sum of $3,695.

The court found for the plaintiff and against the allegations of the answer and cross-complaint, and entered judgment accordingly. The defendants appealed from the judgment and urge as grounds for reversal that the evidence was insufficient to support the findings.

Defendant Soyer is the daughter of the defendant Mansfield and the plaintiff is the son of T. Arthur Thompson.

In March, 1922, the property was conveyed to the defendants by T. Arthur Thompson in exchange for a parcel of land owned by them. The conveyance was made subject to two encumbrances thereon, namely, a mortgage for $6,500 and a deed of trust to secure the sum of $3,500, both held by George V. Kirkwood. The defendants as part of the consideration for the transfer executed to T. Arthur Thompson a second deed of trust thereon to secure the payment to him of $2,250 in quarterly installments of $250 each, the total amount of encumbrances on the property being the sum of $12,250. The first installment, secured by the second trust deed, was in default in July, 1922, and at about the same time proceedings were commenced by Kirkwood to sell the property under the trust deed held by him. The plaintiff, who was acting as the agent for his father, was then advised by defendants that they would be unable to pay the installment or the amount due under the Kirkwood deed of trust. After considerable negotiation it was suggested by the attorney representing the defendants that the latter convey the property to Thompson, subject to the liens thereon, except the deed of trust held by him, and that the defendants be given an option to repurchase on or before January 1, 1923, subject to the above encumbrances, upon the payment of an amount with interest equal to the indebtedness to Thompson and such sums with interest thereon as might be expended by him to protect the property against foreclosure under the Kirkwood liens.

The defendants thereupon conveyed the property to Thompson subject to the mortgage in the sum of $6,500 and

a deed of trust executed thereon by Thompson as a part of the transaction to the Union Mortgage Company to secure a loan of $3,850, which was used to pay the amount secured by the deed of trust held by Kirkwood. At the same time a reconveyance of the interest acquired by Thompson under the deed of trust held by him was made, the note secured thereby was surrendered and an agreement was executed by the latter granting the defendants the right and option to purchase the property on or before the date mentioned, subject to the above encumbrances, upon the payment to him of the sum of $3,695; it being further provided therein that the defendants should retain possession until that time free of rent. The sum last mentioned represented that originally secured by the Thompson deed of trust, which, with interest to January 1, 1923, would have amounted to $2,395, and included the interest paid and to be paid by Thompson on the mortgage mentioned, expenditures made by him to satisfy a mechanic's lien on the property, certain personal demands against the defendants due to third persons, and interest to the above date on the sums so expended.

On December 29, 1922, the defendants, by their attorney, made a written request for an extension of time under the agreement, which was granted, the request being as follows:

"Dear Mr. Thompson:

"Mrs. Miriam M. Soyer has asked me to communicate with you and request that the option on the premises 1630 North Wilson Avenue, San Marino, California, be extended to February 1, 1923, with the understanding that she will not request a further extension of this option beyond that time.

"If this is agreeable to you may I ask you to notify Mrs. Soyer of this extension.

"Very truly yours,
"JOHN DICKINSON."

The option was not exercised, and some time after the date mentioned in the above communication demand was made for possession of the premises, which was refused by defendants, and on April 26, 1923, Thompson and his wife conveyed the property to the plaintiff, by whom a like demand was made and refused.

Defendants contend that the evidence shows that the consideration for the deed was inadequate and that the

price fixed for the reconveyance was equivalent to the pre-existing indebtedness; that interest was charged after the conveyance upon the sums expended by Thompson; and it being admitted that the defendants remained in possession of the property, the only conclusion which can be reasonably drawn therefrom is that the deed was given as security.

Such facts when shown are relevant to the issue and are circumstances to be considered with other evidence in the case, but as held in the following cases are not conclusive of the question: *Farmer* v. *Grose,* 42 Cal. 169–174; *Montgomery* v. *Spect,* 55 Cal. 352; *Vance* v. *Anderson,* 113 Cal. 532–541 [45 Pac. 816]; *Emery* v. *Lowe,* 140 Cal. 379–383 [73 Pac. 981]; *Lynch* v. *Lynch,* 22 Cal. App. 653 [135 Pac. 1101].

 It is further urged that advantage was taken of the ignorance and necessitous condition of the defendants.

No direct evidence of the market value of the property was adduced, but it was testified by the plaintiff that he listed the property in the exchange for approximately $18,000, and that its value on September 30, 1922, was about the same as when the exchange was made. The value placed thereon by the defendants does not appear, but it was shown that their efforts to sell the property were unavailing.

The consideration for the reconveyance included not only the amount of the pre-existing debt, but also the sums expended and to be expended by the creditor as stated above, and it is clear from the evidence that no interest thereon was paid or to be paid unless the option should be exercised.

Furthermore, the evidence fails to show that an unconscionable or any advantage was taken of his position by the creditor. On the contrary, it appears that instead of exercising the power of sale under his deed of trust and thus on the expiration of the time provided for notice under section 2924 of the Civil Code depriving the defendants of all interest in the property (*Penryn F. Co.* v. *Sherman-Worrell F. Co.,* 142 Cal. 643, 646 [100 Am. St. Rep. 150, 76 Pac. 484]; 25 Cal. Jur., Trust Deeds, sec. 79, p. 95), the above transaction was entered into at their suggestion and the time for performance thereunder further extended at their request.

The contention that advantage was taken of the ignorance of the defendants cannot be fairly sustained. They were advised by competent attorneys from the commencement of

the negotiations, and, moreover, it is apparent from the testimony of the defendant Soyer, the only witness called by the defense, that she was not ignorant of the nature of the transaction. As the court remarked during the course of her examination: "The court is impressed by the thought that this witness has a more clear understanding than she is willing to admit."

A deed absolute in form may be shown to have been intended as security for a debt or obligation (Civ. Code, sec. 2924; *Keese* v. *Beardsley,* 190 Cal. 465 [26 A. L. R. 1538, 213 Pac. 500]), and whether such was the intention is to be determined from all the facts and circumstances taken in connection with the conduct of the parties after the execution of the deed and the central facts to be found are the existence of an indebtedness at the time of the transaction and that the relations of debtor and creditor continue. (*Montgomery* v. *Spect, supra*).

There is nothing to prohibit a mortgagor from transferring the title to his mortgagee by a conveyance made subsequent to the mortgage, and a discharge of the debt where the transaction is fair and honest and without fraud and where no unconscionable advantage has been taken of his position by the mortgagee is a sufficient consideration for the transfer (*Watson* v. *Edwards,* 105 Cal. 70 [38 Pac. 527]; *Bradbury* v. *Davenport,* 120 Cal. 153 [52 Pac. 301]; *Garwood* v. *Wheaton,* 128 Cal. 399 [60 Pac. 961]).

The plaintiff testified that the conveyance to Thompson was intended as a discharge of the debt and the testimony of the defendant Soyer, who testified in effect that the debt was paid when the conveyance was made, supports the conclusion that such was her understanding.

The testimony of these witnesses was conflicting, however, as to the intended effect of the option agreement, but that of the plaintiff, which the court believed, taken in connection with the significant facts that the instruments evidencing the agreement imposed no obligation upon the defendants (*Henley* v. *Hotaling,* 41 Cal. 22–29), and that in the written request for an extension the agreement was referred to as an "option on the premises" was sufficient to support the conclusion that a mortgage was not intended.

The facts of the case of *Malone* v. *Roy,* 94 Cal. 341, 346 [29 Pac. 712], cited by defendants, differ from those of

the present case in that as testified by the grantee of the mortgaged property by whom an option for a repurchase was given, the grantor agreed to pay the amount of the original debt within the period covered by the option, and it appearing from the testimony without substantial conflict that the parties intended the deed as security, it was held that the finding of the trial court to the contrary was not justified by the evidence.

In order to establish that a deed absolute on its face is a mortgage requires clear and convincing evidence (*Woods* v. *Jensen*, 130 Cal. 200, 203–206 [62 Pac. 473]), and whether or not the evidence offered to change the ostensible character of the instrument is clear and convincing is a question for the trial court. (*Brison* v. *Brison*, 90 Cal. 323–337 [27 Pac. 186]; *Mahoney* v. *Bostwick*, 96 Cal. 53 [31 Am. St. Rep. 175, 30 Pac. 1020].)

In such cases, as in others, this determination as to which of two opposing inferences shall be drawn from the evidence (*Western Pacific R. R. Co.* v. *Industrial Acc. Com.*, 193 Cal. 413 [224 Pac. 754]), or a finding in favor of either party upon conflicting or contradictory evidence is not open to review on appeal (*Sherman* v. *Sandell*, 106 Cal. 373 [39 Pac. 797]; *Wadleigh* v. *Phelps*, 149 Cal. 627–637 [87 Pac. 93]).

From a review of all the evidence we are satisfied that the contention that the conduct of plaintiff or his predecessor in interest was fraudulent or oppressive or that the conveyance was not made freely and voluntarily cannot be sustained and that the findings of the trial court are fully supported.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.