## In re DOWNEY.
### No. 33121–M.

District Court, S. D. California, Central Division.

March 4, 1939.

Frank S. Hutton, of Los Angeles, Cal., for bankrupt.

Benjamin S. Parks, of Los Angeles, Cal., for claimant Standard Coated Products Co.

McCORMICK, District Judge.

This is a review of the order of a referee in bankruptcy wherein a claim of Standard Coated Products Company was allowed. The aggregate amount of the claim is $104,499.33. The bankrupt objects to the allowance of the claim upon the grounds (1) that it is barred by the statute of limitations and particularly by § 337 of the Code of Civil Procedure of the State of California; and (2) that the contract which is the basis of the claim is void as being an assignment of wages by a married man, contrary to §§ 301–304 of the Labor Code of California, St.1937, p. 202.

We find no error in the decision of the referee.

It is conceded that the applicable period of limitations to the question at issue is four years, and the only dispute is as to when the period became operative and commenced to run. The bankrupt asserts that the effective date is April 1, 1933, being the date of inception of three writings which constitute the contract evidencing the claim which is under consideration, and therefore that the claim "outlawed" on April 1, 1937. The referee, upon the evidence submitted to him in support of the claim, held substantially that the period of limitations did not become operative until on or about November 9, 1938, at which time demand for payment of the money due and payable under the three written instruments was made upon the bankrupt.

We think the error of the bankrupt's position is obvious when consideration is given to § 1641 and § 1642 of the Civil Code of California in relation to the three simultaneously executed writings which together and as an entirety disclose the agreement between the bankrupt and claimant's predecessor and which clearly reveal that the intention of the parties in the transaction was to modify and enlarge the maturity date of the two demand notes.

The auxiliary and contemporary third written agreement, bearing the same date as the promissory notes, constituted Mr. Downey a distributor of the Standard Textile Products Company. It expressly provides the manner in which and the method whereby the two promissory notes are to be periodically paid during and from the continuance of the business of the contracting parties. Such business operated as a going concern from the date of inception, April 1, 1933, to November 9, 1938. It is clear therefrom that all parties intended that the notes were not to be payable at the date of their inception, but periodically and from the net proceeds of the business which was to be operated by Mr. Downey in accordance with the correlative Distributor's Agreement. There was thus necessarily within the contemplation of the contracting parties to be delay in making the demand to pay the notes, and therefore until enforceable actual demand for payment is made the obligation to pay continues and the statute of limitations commences to run from the date of such demand and not from April 1, 1933. Such demand was made in 1938. And while it is settled that where a written promise to pay money is absolute on demand the statute of limitations begins to run thereon at the date of its inception (Clunin v. First Federal Trust Co., 189 Cal. 248, 207 P. 1009), nevertheless in arriving at the real intent of the parties to a contract for the payment of money, where such contract is evidenced by several written instruments all are to be considered and read together, and if in so considering the contract an intent to enlarge or extend the due date of demand promissory notes is established, the running of the statute of limitations is deferred beyond the date of the notes and does not begin to run at the date of inception. Basile v. California Packing Corporation, 9 Cir., 25 F.2d 576; Goodwin v. Nickerson, 51 Cal. 166; Symonds v. Sherman, 219 Cal. 249, 26 P.2d 293; Dan-

484

iels v. Daniels, 3 Cal.App. 294, 85 P. 134; Greenfield v. Sudden Lumber Co., 18 Cal. App.2d 709, 64 P.2d 1007.

Coming to the second contention of the bankrupt, while neither the referee's certificate on review nor the bankrupt's petition for review shows that this objection now urged to the claim under consideration was presented to the referee, it is deemed proper to consider and determine it.

■ The contract is not an assignment of wages or salary. It is an agreement wherein Downey assumed and agreed to pay a prior and existing indebtedness of the dissolved firm of Downey & Gotwals, in which the bankrupt was a partner. The business of such firm was purchased at dissolution by Mr. Downey, and he continued thereafter in accordance with the agreement with Standard Textile Products Company to carry on and conduct the business as his own. There was, under the April 1, 1933, agreement, to be joint control to the end that the debts owing to Standard under the contract should be paid from the net profits of the business. No words of assignment are used and none can be inferred within the four corners of the contract.

The agreement provided that a detailed profit and loss statement was to be rendered by Downey to Standard each month, and that withdrawals from the business were permitted by Downey for himself during each month. These withdrawals are not in the nature of salary but are restrictions imposed by the agreement for the purpose of determining the amounts of money which would be applicable periodically to reduce the debt of Downey to Standard, pursuant to the writings dated April 1, 1933.

It is clear to us that when the three writings are considered together as they must be, the emoluments or withdrawals to which Downey was entitled under the arrangement made for his continuance in business were not wages or salary but deductions from the net profits of a joint enterprise between Downey and Standard in which both were proprietors and wherein no employer-employee relation existed.

■ Moreover, the bankrupt and his wife are not now in position to question the validity of the contract dated April 1, 1933, after having accepted its benefits for the period of five years.

The order of the referee is confirmed.