[Civ. No. 689. First Appellate District.—November 22, 1909.]

## FRANCES HALL, Respondent, v. DANIEL CROWLEY, Appellant.

EJECTMENT — TITLE UNDER DEED OF TRUST — FINDINGS — SUPPORT OF FINDING AS TO STIPULATION—SURPLUSAGE.—In an action of ejectment by a plaintiff claiming under a title passed by sale in pursuance of a deed of trust, against a grantor of the deed in possession, where the findings as a whole establish that the title passed from the purchaser under the deed of trust, by mesne conveyances, to the plaintiff, it is immaterial whether a special finding that it was so stipulated by the parties at the trial is not sustained by the evidence, and the finding as to such stipulation may be disregarded as surplusage.

ID.—CONSTRUCTION OF TRUST DEED—DESCRIPTION OF CREDITOR AS "TRUSTEE"—PROVISIONS TO BE CONSIDERED.—In construing the description of the creditor, as the party of the third part, as "trustee" in the deed of trust, and in determining the effect of such designation in conveying title under the deed of trust, all of its provisions are to be considered together.

ID.—POWER OF SALE AND CONVEYANCE.—Where the trust deed expressly provided for a sale and conveyance by the parties of the second part, or the survivor of them, on demand of the party of the third part, and further provided that the third party "may, from time to time, appoint other trustee or trustees to execute the trusts hereby created," etc., and that "the new trustees shall be vested with all the title, interests, powers and duties and trusts in the premises hereby vested in and conferred upon the parties of the second part," it is clear that the designation of the creditor as "trustee" was inadvertent, and that the parties of the second part were the trustees authorized to make sale and deed under the instrument.

ID.—LOSS OF ORIGINAL TRUST DEED BY FIRE—RECORD COPY ADMISSIBLE.—Where it was proved that the original trust deed was destroyed by fire, and that it was executed by the grantors, and delivered, the record copy of the same was properly admitted in evidence.

ID.—SACRIFICE OF PROPERTY—REMEDY OF DEBTOR.—The fact that the property was sacrificed by the sale under the deed of trust cannot affect its validity. The remedy of the debtor was either to have paid the debt, or borrowed elsewhere to redeem it from the trust, before it was sold; and where he did not do so, the law cannot interfere.

APPEAL from a judgment of the Superior Court of Alameda County.  J. D. Murphy, Judge presiding.

The facts are stated in the opinion of the court.

James H. Boyer, for Appellant.

Johnson & Shaw, for Respondent.

COOPER, P. J.—Plaintiff recovered judgment in eject-
ment for possession of the lot and premises described in the
complaint. This appeal is from the judgment on the judg-
ment-roll with a bill of exceptions.

Plaintiff's title was derived as follows: In April, 1904,
Daniel Crowley and his son, Jeremiah Crowley, being the
owners of said lot, executed, acknowledged and delivered a
deed of trust to F. W. Bridge and A. F. Bridge, as parties
of the second part, and one H. S. Bridge, as party of the
third part, to secure the payment of a promissory note made
by the Crowleys to said H. S. Bridge. The note was not paid,
and the parties of the second part named in the deed of
trust, after default in the payment, and under and in pur-
suance of the power of sale contained in the deed, and upon
due and proper notice, sold the lot to one Carrie E. Bridge,
and executed and delivered to her a deed to the said prem-
ises. Carrie E. Bridge afterward sold and conveyed to plain-
tiff. It is therefore evident that the plaintiff was the owner
and entitled to the possession of the lot, unless there was
some fatal defect in some of the proceedings through which
the title passed from the Crowleys to him. We will briefly
examine the alleged assignments of error made by appellant's
counsel.

He attacks the following finding: "That thereafter, after
proceeding had and taken, and as stipulated by counsel in
the trial of said case, whatever title was conveyed by said
deed of trust became duly vested in plaintiff by the trustee's
deed, duly delivered in accordance with the said deed of
trust." The quoted finding is only a detached sentence taken
from the findings, which cover some ten folios, and it is dis-
cussed without any regard to its context. It is stated that
there is no evidence that counsel ever entered into the stipu-
lation referred to in the finding; but conceding no such
stipulation was made the reference to the stipulation may be
regarded as surplusage if the other findings and the remain-
ing portion of the finding quoted show that the title con-

veyed by the deed of trust passed, through intermediate conveyances, to and finally vested in the plaintiff. It is, however, contended (and this seems to be the appellant's main contention) that the sale was void for the reason that it was made by F. W. Bridge and A. F. Bridge instead of "H. S. Bridge, Trustee."

In determining this question we must take the entire instrument, and read it in connection with the object and purpose for which it was made. It was made by the Crowleys for the purpose of obtaining the loan which was made to them by H. S. Bridge. It was taken by H. S. Bridge for the purpose of securing the loan made to the Crowleys. The object was to secure the loan, and to empower the party from whom it was obtained to sell the lot in a lawful manner in case the loan was not repaid. The deed was made by the Crowleys as parties of the first part, and to "F. W. Bridge, A. F. Bridge, parties of the second part, and H. S. Bridge, trustee, party of the third part." It then recites the loan and the purpose for which the deed was made, and follows with a particular description of the lot. Then follows a provision that, in case the parties of the first part shall repay the loan and all the interest and moneys secured thereby, then the parties of the second part shall reconvey the lot to the parties of the first part. Then follows an express power to the parties of the second part as follows: "If default shall be made in the payment of any of said sums of principal and interest when due in the manner stipulated in said promissory note, or in the reimbursement of any of the amounts herein provided to be paid, or of any interest thereon, then the said parties of the second part or the survivor of them, their successors and assigns, on demand by the party of the third part or his assigns, shall sell the above granted premises, or such part thereof as in their discretion they find it necessary to sell, in order to accomplish the objects of these trusts, in the manner following, viz.: . . ." The deed then proceeds to state certain things that shall be done by the parties of the second part in advertising the time and place of sale and so forth, and concludes as follows: "And upon such sale, they shall make, execute, and after due payment made shall execute to the purchaser or purchasers, his or their heirs and assigns, a deed or deeds of the premises so sold, and out of the proceeds thereof shall pay . . ." Then follow the usual provisions as

to paying costs, attorneys' fees and the amounts due upon the note, and the "balance or surplusage of such proceeds, if any, to party of the first part or assigns." In the concluding part of the deed is the following: "It is expressly covenanted that the party of the third part may from time to time appoint other trustee or trustees to execute the trusts hereby created; and upon such appointment and a conveyance to them by the parties of the second part, the survivor of them, their successors or assigns, the new trustees shall be vested with all the title, interests and powers, duties and trusts in the premises hereby vested in or conferred upon the parties of the second part."

It is thus too plain to require further discussion that the parties of the second part were the trustees named and authorized to make the same under the instrument. It is evident that the word "trustee" was inadvertently used in the first part of the deed when naming H. S. Bridge as party of the third part. It is with regret that the court examines page upon page of a brief, and finds, as in this case, that the point presented does not even have the merit of being plausible. Numerous authorities are cited and discussed by appellants' counsel to the point that "A sale under a deed of trust by a person not authorized to act is void"—a proposition so elementary that it should be known to every student before he is admitted to practice.

The court did not err in admitting the record copy of the trust deed in evidence. It was proven that the original deed had been destroyed in the great fire of April 18, 1906, and in fact appellants admit that such deed was destroyed. It was further proven that the deed was executed by both the Crowleys, and there was evidence sufficient to justify the court in finding that it was delivered. The appellant could not write his name, but the notary Austin testified that both the Crowleys signed and acknowledged the deed, and that Daniel Crowley signed by making his mark. The deed on its face is signed "Daniel Crowley  X his mark " and at the end is the following: "Daniel Crowley being unable to write, made his mark, and I, at his request, in his presence, wrote his name for him.—George W. Austin."

There is no merit in this appeal. In view of the fact that it is stated that the property is worth much more than the amount for which it was sold, we have not assessed damages for a frivolous appeal, although we might well have done so. The remedy of appellant was plain. He could, in case the property is of the value contended for by his counsel, have paid the debt or borrowed the money elsewhere before his property was sold. He did not do so, and the law cannot now interfere.

The judgment is affirmed.

Kerrigan, J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 21, 1910.