[Civ. No. 10747.   Second Appellate District, Division One.—October 8, 1936.]

W. J. PETIT et al., Respondents, v. WILLIAM L. BLENK-IRON et al., Defendants; ALONZO J. WOLTER et al., Appellants.

Donald R. Peck for Appellants.

Wendell P. Hubbard for Respondents.

YORK, J.—On June 25, 1926, defendants William Blenkiron and Frederick C. Wolter executed two promissory notes, one in the sum of $16,500 in favor of Title Guarantee and Trust Company, due three years after date; the other in the sum of $40,000 in favor of Joseph N. Hanson and Helen M. Hanson, due five years after date. This latter note, upon which a payment of $10,000 was subsequently made, was assigned to the plaintiffs and is the subject of the present action. On the same day and as a part of the same transaction, these two defendants executed a declaration of trust in the nature of a subdivision trust naming the Title Guarantee and Trust Company, as trustee. From this declaration of trust it appears that both notes were given as part of the purchase price of two separate parcels of real property which had theretofore been transferred to said title company by two deeds executed on June 15 and June 22, 1926, as security for the payment of the two notes. At the time of the execution of the trust indenture, the two named defendants were the owners in equal shares of the entire beneficial interest therein. ·Default was subsequently made in the payment of principal and interest due on the notes, and declaration of default was made by the holder of the $16,500 note. Notice of default and election to sell was recorded by the trustee on December 7, 1933, and at the trustee's sale of the property held on May 5, 1934, the property was bid in by the Title Guarantee and Trust Company for the full amount of its $16,500 note with costs. The complaint in this action was filed on December 4, 1934. Nineteen assignments of beneficial interests in the trust were alleged in the complaint, and judgment was sought against William L. Blenkiron and Frederick C. Wolter for the full unpaid balance of $30,000 and interest due upon the note in favor of Joseph N. Hanson and Helen M. Hanson, and against the remaining defendants in proportion to the beneficial interests assigned to them. Judgment was rendered as prayed for in the complaint, and from this judgment defendants Frederick C. Wolter, Alonzo J. Wolter and Dora Louise Wolter have appealed.

Appellants contend (a) that plaintiffs' action is barred by the provisions of subdivision 1, section 337, Code of Civil Procedure; and (b) that "the sale and assignment of beneficial interests to Alonzo J. Walter and Dora Louise Wolter were void for the reason that no permit for their issuance was procured from the commissioner of corporations of the state of California: Hence, no rights accrued thereunder to the holders of the promissory note sued upon".

Respondents, on the other hand, contend that subdivision 1, section 337, *supra,* does not apply to the facts in issue because, first, the trust indenture is a subdivision trust and not a trust deed; and second, that the right to foreclose was exercised only by the owner of the $16,500 note which was a first lien; that no mention was made of the $40,000 note secured by a second lien, and therefore this is not an action for the balance due upon a note secured by a deed of trust after a sale under a power of sale thereunder, but is an action upon a note by th. holder of a junior encumbrance after the foreclosure of a prior encumbrance has exhausted the security.

In the instant case the two parcels of property were conveyed to the Title Guarantee and Trust Company prior to the date of execution of the two notes and the declaration of trust, the latter document declaring that "each of said conveyances, though absolute in form, were nevertheless made in trust under the provisions hereof, no consideration for either of said conveyances having been paid by said Title Guarantee and Trust Company"; and that "trustee holds and shall continue to hold title to said parcels . . . in trust . . . to secure the full payment of the promissory note for $16,500.00 . . . to secure the full payment of the promissory note for $40,000.00 . . . to permit the trustee . . . to subdivide . . . said parcels . . . and to subscribe to a map or maps of such subdivision or subdivisions dedicating to public use all streets and alleys; . . . to release from the lien of said indebtedness, being the promissory notes . . . any parcel of said property, or any lot or lots included in the present or future subdivision of said property, upon payment . . . of a fixed release price for such parcel . . . so released".

Said trust indenture also provides: "Should a breach or default be made in any payment of any of the sums secured

hereby, or herein provided to be paid or repaid by the Buyers or the Beneficiaries hereunder, . . . then the Trustee or the Lender or the Sellers hereunder may declare all sums secured hereby immediately due and payable, and the Trustee is hereby authorized and shall on demand of the Lender or the Sellers, sell the property aforesaid so held in trust in the manner hereinafter provided, and out of the proceeds realized from such sale, after paying the expenses thereof, including Trustee's fees and attorney's fees, to pay the amount of the unpaid remainder of the promissory note of the Lender (the $16,500 note) and the promissory note of the Sellers (the $40,000 note) together with interest accrued and unpaid thereon . . . ''

It is the law in this state that a deed absolute in form followed by a declaration of trust whereby the property is made security for a debt should be construed together, and as so construed constitute a deed of trust. (*Younger* v. *Moore*, 155 Cal. 767 [103 Pac. 221]; *Cortelyou* v. *Vogel*, 51 Cal. App. 785 [197 Pac. 968]; *Withers* v. *Bousfield*, 42 Cal. App. 304 [183 Pac. 855]; *Doane* v. *California Land Co.*, 243 Fed. 67.) We are therefore impelled to the conclusion that the execution of the two deeds, followed by execution of the two notes and the trust indenture here involved constitute a deed of trust.

Answering respondents' second point, we are satisfied that under the trust indenture there was but one transfer in trust with one power of sale and that such sale was for the purpose of satisfying both notes, although there was an agreement that one note (the $16,500 note) should have priority in the application of the proceeds of the sale. In the absence of such agreement, the general rule is that the proceeds shall be divided ratably between the several obligations. (41 Cor. Jur. 1013.) It therefore seems to us that this is an action to recover a deficiency after sale of real property under a deed of trust, and that subdivision 1, section 337, of the Code of Civil Procedure is applicable, as contended by appellants.

Prior to 1933 the section referred to provided that an action upon any contract obligation or liability founded upon an instrument in writing must be brought within four years. The legislature by amendment in 1933 added to said section the following: ''Provided that the time within which any

action for a money judgment for the balance due upon an obligation for the payment of which a deed of trust or mortgage with power of sale upon real property or any interest therein was given as security, following the exercise of the power of sale in such deed of trust or mortgage may be brought shall not extend beyond three months after the time of sale under such deed of trust or mortgage.'' In the instant case the sale took place on May 5, 1934, and suit was not commenced until after seven months had elapsed, or until December 4, 1934.

In consonance with the decision by this court in the case of *Reynolds* v. *Jensen*, 14 Cal. App. (2d) 558 [58 Pac. (2d) 687] (hearing denied by the Supreme Court on August 10, 1936), we are of the opinion that the instant action was barred by the limitation imposed by the cited code section. This being so, we find it unnecessary to pass upon appellants' remaining point, i. e., that sales of beneficial interests were void because no permit for such sales was procured from the state corporation commissioner.

The judgment therefore should be, and it is, hereby reversed. The appeal from the order denying motion for new trial is dismissed, such an appeal being unauthorized except in certain cases of which this is not one.

Houser, P. J., and Doran, J., concurred.