In re F. P. NEWPORT CORPORATION, Limited. *

McADOO & NEBLETT et al. v. F. P. NEWPORT CORPORATION, Limited.

No. 8703.

Circuit Court of Appeals, Ninth Circuit.

July 27, 1938.

*Rehearing denied Sept. 10, 1938.

454

Wm. H. Neblett, Harry W. Dudley, and E. Walther Guthrie, all of Los Angeles, Cal. (Allen H. McCurdy, of Los Angeles, Cal., of counsel), for appellants.

W. C. Shelton, of Los Angeles, Cal., for appellee Security-First Nat. Bank of Los Angeles.

Bailie, Turner & Lake, Norman A. Bailie, and Allen T. Lynch, all of Los Angeles, Cal., for appellee Metcalf, trustee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from two orders—one made orally, the other in writing, the two constituting, in effect, one order—whereby the District Court, sitting in bankruptcy, approved, with modifications, an agreement dated January 12, 1937, between F. P. Newport Corporation, Limited, bankrupt, H. F. Metcalf, receiver (now trustee) in bankruptcy, and Security-First National Bank of Los Angeles, a creditor of the bankrupt, and directed Metcalf, as trustee, to perform the agreement. The facts are as follows:

On or about March 12, 1930, F. P. Newport, Lettie J. Newport, Charles O. Middleton, Henrietta A. Middleton and T. L. Dudley conveyed certain real estate to Title Guarantee & Trust Company of Los Angeles (hereafter called the trust company). Concurrently therewith and as part of the same transaction, they and the trust company executed an agreement constituting, in effect, a declaration of trust (No. P-1512), which provided that the trust company should hold the real estate in trust for their benefit, subject to the terms and provisions of the agreement. On March 20, 1930, F. P. Newport and Lettie J. Newport assigned their beneficial interest in trust No. P-1512 to the bankrupt, by an instrument reading as follows:

"For value received we, F. P. Newport and Lettie J. Newport husband and wife do hereby grant, assign, transfer and set over unto [the bankrupt] our total beneficial interest in and to the trust evidenced by that certain declaration of trust dated March 12, 1930, and issued[1] by [the trust company] under its trust No. P-1512, together with a like interest in and to the net proceeds and avails arising or growing out of the said trust, and [the trust company] is hereby authorized to pay and turn over unto [the bankrupt] all moneys and benefits growing out of the said interest hereby assigned and to consider [the bankrupt] a beneficiary under said trust to the extent of said interest."

The bankrupt was at that time indebted to Security-First National Bank of Los Angeles (hereafter called the bank) in the sum of $760,000, with 7% interest from March 1, 1930, which indebtedness was evidenced by the bankrupt's promissory note payable to the bank on March 1, 1932. As security therefor, the bankrupt, on March 25, 1930, conveyed certain real estate to the bank and, at the same time, by an instrument identical in form with that executed by the Newports, assigned to the bank the beneficial interest in trust No. P-1512 which the Newports had theretofore assigned to the bankrupt. Concurrently therewith and as part of the same transaction, the bank and the bankrupt executed a declaration of trust (No. SS-70401, subsequently designated No. D-7224),[2] which declared that the conveyance and assignment, though in terms absolute,

---

[1] An obvious misuse of the word "issued". The trust company executed, but did not "issue", the declaration of trust.

[2] This declaration and the conveyance therein referred to were dated March 1, 1930. The assignment referred to was

were intended to be, and were, made to and received by the bank in trust, with power of sale, as security for the payment of the above mentioned note and for the payment of any additional sums which might thereafter be borrowed by the bankrupt from the bank and be evidenced by other promissory notes of the bankrupt.

The bankrupt did, in 1932, 1933 and 1934, borrow from the bank additional sums aggregating, exclusive of interest, $277,784.50. This additional indebtedness was evidenced by seven promissory notes of the bankrupt, one of which became due and payable in 1932, two in 1933 and four on May 12, 1934. Thus, on and after May 12, 1934, there was due and owing by the bankrupt to the bank $1,037,784.50, plus interest. On March 19, 1935, the total amount of said indebtedness, including interest, exceeded $1,250,000.

The conveyance and assignment by the bankrupt to the bank, together with the declaration of trust executed by them, constituted a deed of trust. Doane v. California Land Co., 9 Cir., 243 F. 67; Sacramento Bank v. Alcorn, 121 Cal. 379, 53 P. 813; Younger v. Moore, 155 Cal. 767, 103 P. 221; McDonald v. Smoke Creek Live Stock Co., 209 Cal. 231, 286 P. 693; Petit v. Blenkiron, 16 Cal.App.2d 751, 61 P.2d 527.

On March 19, 1935, a petition in involuntary bankruptcy was filed against the bankrupt. On March 25, 1935, H. F. Metcalf was appointed receiver of the bankrupt estate, and qualified as such. On January 12, 1937, pursuant to an order of the bankruptcy court authorizing and directing him to do so, the receiver made and entered into an agreement with the bankrupt and the bank, whereby the bank consented to a reduction in amount and to an extension of time for payment of the indebtedness owing to it by the bankrupt, and the bankrupt agreed not to oppose the pending petition to have it adjudged a bankrupt. The agreement provided that the bankrupt's indebtedness to the bank should be paid in five installments, the first to be due on August 1, 1937, the last (and largest) on February 1, 1940; that, to provide money for these payments, the property covered by the deed of trust should be sold or leased on terms and conditions satisfactory to the bank and to the trustee in bankruptcy (thereafter to be appointed), and subject to the approval of the bankruptcy court; and that such trustee, when appointed, should petition the bankruptcy court for an order authorizing him to become a party to the agreement and to be bound by the terms and conditions thereof.

On the day the agreement was executed —January 12, 1937—the bankrupt was adjudged a bankrupt, and the case was referred to a referee. The creditors having failed to elect a trustee, the court on March 18, 1937, appointed Metcalf as trustee, and Metcalf thereupon qualified as such. An appeal from the order appointing him was allowed by this court, but the order allowing such appeal expressly provided that it should not operate as a supersedeas. The order appointing Metcalf as trustee was affirmed on December 22, 1937. In re F. P. Newport Corp., 9 Cir., 93 F.2d 630.

On March 19, 1937, Metcalf, as trustee, petitioned the court for an order authorizing him to become a party to and be bound by the agreement of January 12, 1937. Appellants, McAdoo & Neblett and William H. Neblett, opposed the trustee's petition. After hearing the matter, the referee on August 13, 1937, made an order approving, with modifications, the agreement of January 12, 1937, and authorizing the trustee to become a party thereto and to be bound thereby. On petition for review, the court on October 29, 1937, and November 5, 1937, modified the referee's order and affirmed it as modified. Thereby, the court approved the agreement of January 12, 1937, as modified by the referee's order, with further modifications[3] which the trustee, the bank and the bankrupt had by stipulation agreed to, and ordered that the agreement, as thus modified, be performed by the trustee. This appeal followed.

The appeal is prosecuted by appellant McAdoo & Neblett as an unsecured creditor and by appellant William H. Neblett as a stockholder of the bankrupt. There is no appeal by the bankrupt or the trustee. As a stockholder of the bank-

---

dated March 20, 1930. Actually, the declaration was executed and the conveyance and assignment were delivered on March 25, 1930.

[3] The effect of the modifications was to extend the time for paying the five installments mentioned in the agreement, and to require all payments for property sold thereunder to be made to the trustee.

rupt, appellant William H. Neblett was not and could not have been aggrieved by the order appealed from. As such stockholder, therefore, he has no interest or standing to prosecute this appeal.

It is contended by McAdoo & Neblett (hereafter called appellant) that the trial court had no jurisdiction to make the order now under review, because, at the time it was made, the appeal from the order appointing Metcalf as trustee was still pending. There is no merit in this contention. The former appeal was not taken as of right, but was allowed by this court in the exercise of its discretion, pursuant to § 24b of the Bankruptcy Act, 11 U.S.C.A. § 47(b). As previously stated, the order allowing that appeal expressly provided that it should not operate as a supersedeas. It did not so operate, nor did it deprive the trial court of jurisdiction to proceed in the case. The cases cited by appellant[4] as supporting its contention bear no resemblance to this case and, obviously, are not in point.

Appellant contends that the deed of trust[5] securing the bankrupt's indebtedness to the bank was void and unenforceable, because issued in violation of the California Corporate Securities Act, § 3 of which, as it stood on March 25, 1930 (Stats.1917, p. 675), provided: "No company shall sell * * * or offer for sale, negotiate for the sale of, or take subscriptions for any security of its own issue until it shall have first applied for and secured from the commissioner [of corporations] a permit authorizing it so to do. * * *"

Section 12 of the Act (Stats.1917, p. 679), provided: "Every security issued by any company, without a permit of the commissioner authorizing the same then in effect, shall be void * * *."

The deed of trust securing the bankrupt's indebtedness to the bank was not issued by the bank. If issued at all, it was issued by the bankrupt. Assuming, without deciding, that it was issued, and that it was a security for the issuance of which a permit was required, it was the bankrupt's, not the bank's, duty to apply for and obtain such permit. If issuance of the deed of trust without a permit was a violation of the Corporate Securities Act, the bankrupt was the violator, and the bank was the victim of such violation. Being itself the wrongdoer, the bankrupt cannot, nor can its trustee or creditors, take advantage of its own wrong and thus defraud the innocent party to the transaction. Laugharn v. Bank of America National Trust & Savings Ass'n, 9 Cir., 88 F.2d 551, 554;[6] Eberhard v. Pacific Southwest Loan & Mortgage Corp., 215 Cal. 226, 228, 9 P.2d 302, 303; Western Oil & Refining Co. v. Venago Oil Corp., 218 Cal. 733, 743, 24 P.2d 971, 975, 88 A.L.R. 1271; Domestic & Foreign Petroleum Co. v. Long, 4 Cal.2d 547, 558, 51 P.2d 73, 78; Robbins v. Pacific Eastern Corp., 8 Cal.2d 241, 277, 65 P.2d 42, 61. We hold, therefore, that, as to the bank, the deed of trust was valid and enforceable.

As to the validity of the declaration of trust executed by the trust company, the Newports and others on March 12, 1930, or of the assignment by the Newports to the bankrupt of their interest in that trust, we express no opinion. Since these instruments took nothing from the bankrupt, but were, instead, the source of its title to part of the estate now being administered for the benefit of its creditors, including appellant, appellant cannot be heard to question their validity.

In approving, with modifications, the agreement of January 12, 1937, the trial court has not, as contended by appellant, surrendered its jurisdiction to administer the bankrupt estate. The court retains and is exercising that jurisdiction by and through the trustee in bankruptcy.

Nor is it true that, under the agreement, administration of the estate will be unduly prolonged, or, as appellant says, "projected into the future." Under the agreement, as modified, liquidation of the bank's claim must be completed on or before September 7, 1940. That does not seem to us an unreasonable time.

---

[4] First National Bank v. State National Bank, 9 Cir., 131 F. 430; Rothschild & Co. v. Marshall, 9 Cir., 51 F.2d 897; Great Western Stage Equipment Co. v. Iles, 10 Cir., 70 F.2d 197; Joerger v. Mt. Shasta Power Corp., 214 Cal. 630, 7 P.2d 706; Oakland Paving Co. v. Donovan, 19 Cal.App. 488, 126 P. 388.

[5] Comprising, as before stated, the conveyance and assignment by the bankrupt to the bank and the declaration of trust executed by them on March 25, 1930.

[6] Overruling Cecil B. DeMille Productions v. Woolery, 9 Cir., 61 F.2d 45, cited by appellant.

Appellant assigns as error the trial court's finding that the agreement, as modified, was equitable, fair and advantageous to the bankrupt estate. The question thus attempted to be raised is one of fact, which, on this appeal, under § 24b of the Bankruptcy. Act, 11 U.S.C.A. § 47(b), we may not consider, our review in such cases being limited to questions of law.

Orders affirmed.